<hr/>

Zook, Appellant, v. Odle et al., Appellees.

3   87
9   346

1. PAYMENT.
The delivery of a note of a third person to meet an antecedent indebtedness is not payment, nor does it furnish *prima facie* evidence thereof.

2. SAME—BURDEN OF PROOF.
If the debtor contends that the delivery of the note of a third person amounted to a payment, he must establish the fact by a preponderance of testimony.

3. PRACTICE.

When evidence was admitted without objection, questions as to its competency will not be considered on review.

*Appeal from the District Court of El Paso County.*

Mr. W. W. ANDERSON and Mr. DANIEL PRESCOTT, for appellant.

Mr. J. L. WILLIAMS, for appellees.

BISSELL, J., delivered the opinion of the court.

If this judgment could in any manner have been successfully assailed, the right was not preserved to the appellant by the record which she presents to this court. Some time in the year 1888 or 1889 the appellant, Mrs. Zook, was indebted to the appellees in the sum of about $2,000, evidenced by her promissory note, which was secured upon certain property in the vicinity of Colorado Springs. In 1889, the note had not matured, but considerable interest had accrued which Mrs. Zook was bound to pay. To liquidate this portion of her debt, she offered, through her husband, who acted in her behalf, to the holders and owners of the paper a note which had been given by one Mrs. Hatch for $200 to the order of Zook, Riddock & Company. At the time that this note was turned over to the holders of Mrs. Zook's paper, they delivered to her a writing which in terms stated the receipt of the note "in payment of interest due on loan on the Herman Hotel property." Subsequently Mrs. Zook paid the principal of the note, and all the interest save this $200, and insisted that her entire obligation was discharged. It appeared that the Hatch note was not paid at its maturity, and that no steps had been taken to enforce its collection other than the sending of notices to the maker of the nonpayment. The holders of the security thereupon commenced an advertisement to sell the property covered by the trust deed to collect the sum represented by the Hatch note. The appellant, Mrs. Zook,

then brought this suit, setting up these facts in her complaint, alleging the liquidation of the entire indebtedness, and praying a perpetual injunction to restrain the appellees from selling her property. After hearing, the bill was dismissed and the appellant assigns error as to the judgment.

During the progress of the trial considerable testimony was introduced pro and con on the only question at issue, and that is as to whether the Hatch note was received by the appellees in payment of the then accrued interest, or whether it was taken as collateral security for the unpaid money, whereby Mrs. Zook would remain liable in case of the nonpayment of the Hatch paper.

On this issue the court found with the defendants and evidently concluded that the note was not taken in payment, and that Mrs. Zook was still obligated for the unpaid interest. There are many reasons why this judgment cannot be disturbed. It is the settled law of this state that the delivery of a note of a third person to meet an antecedent indebtedness is not payment, nor does it furnish prima facie evidence that the note has been paid. The Supreme Court holds that, even though the creditor executes a receipt in full, it is only to be construed as payment in case the paper which is delivered shall be liquidated at its maturity. If the debtor contends that what was done amounted to a payment, he must establish it by a preponderance of testimony to the satisfaction of the court or jury which tries the case. *First National Bank of Pueblo v. Newton*, 10 Colo. 161.

On this issue the finding was against the appellant. It must be taken as conclusive of the case so far as this court is concerned, under the well settled rule governing appellate proceedings, since the finding was apparently well sustained by the testimony, and lacked none of the elements essential to satisfactory proof. The appellant contends, and on that point cites some very reputable authorities, that wherever the receipt contains any of the expressions and elements of a contract, it is not open to construction or examination, but must be taken in its literal terms, and to that extent is con-

clusive as to the rights of the parties. Whatever the law may be on that subject, as to which an expression of opinion is entirely unnecessary, no such proposition is open to the consideration of this court. The case was tried and the evidence introduced without objection, nor was the question saved in any such way as to give this court the right to determine it.

On the only propositions presented by the record, the judgment accords with the law and with the proof, and it is accordingly affirmed.

*Affirmed.*