## PIONEER CONST. CO. et al. v. FIRST STATE BANK.

No. 5841—Opinion Filed Nov. 16, 1915.

Rehearing Denied Jan. 11, 1916. Second Petition for Rehearing Denied July 25, 1916.

(158 Pac. 894.)

**Bills and Notes—Construction—"Any."**

Where a note contains the stipulation that all defense on the ground of any extension of the time of payment was waived, the use of the word "any" before "extension" indicates that one or more extensions of time of payment were contemplated.

(Syllabus by Rittenhouse, C.)

Error from Superior Court Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the First State Bank against the Pioneer Construction Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Oliver C. Black, for plaintiffs in error.

R. E. Gish and Burwell, Crockett & Johnson, for defendant in error.

Opinion by RITTENHOUSE, C. On October 23, 1908, the Pioneer Construction Company and N. S. Sherman made, executed, and delivered their certain promissory note for $500 to the First State Bank of Oklahoma City, which note contained the following clause:

"The indorsers, guarantors, and assignors severally waive presentment for payment, protest, and notice of protest for nonpayment of this note, and all defense on the ground of

any extension of time of its payment that may be given by the holder or holders, them or either of them, or to the makers thereof."

Under this clause the bank made several extensions of the time of payment without the consent of N. S. Sherman, who claimed to have signed the note as surety, and the sole question presented for our consideration arises upon that issue. It is contended that the words "any extension," mean only one extension. In this we cannot agree. The use of the word "any" before "extension" indicates that one or more extensions of the time of payment was contemplated by the parties. The word "any" was defined in re Appeal of McNeal, 35 Okla. 17, 128 Pac. 285, wherein this court in doing so adopted the definition given by Webster's New International Dictionary, "one indifferently out of a number," and, as explained by that authority, "as applied to individuals, 'any' was formerly (and in dialect English is still) used pronominally for one or two, but in educated usage any and any one are now applied only to one of three or more; either and neither being used in referring to one of two." Applying this definition to the facts in the case at bar, we find that the word "any" preceding "extension" would mean that N. S. Sherman waived all defenses to the note on the grounds of any number of extensions of the time of payment. In the case of Winnebago County State Bank v. Hustel, 119 Iowa, 115, 93 N. W. 70, it was held that:

"Where a note contained a stipulation that all defenses on the ground of any extension of the time for payment was waived, the use of the word 'any' before 'extension' indicated that any one of an indefinite number of extensions was intended."

We therefore conclude that more than one extension might be allowed, and the defense to each extension was by the terms of the note waived.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.