## JOHNSON v. WALTERS.

No. 6990—Opinion Filed June 27, 1916.

(158 Pac. 914.)

**1. Witnesses—Husband and Wife—Agency.**

Under section 5050 of the Revised Laws of Oklahoma of 1910, the wife is not competent to testify for her husband unless she was acting as his agent in the matter about which she is offered as a witness. Held, that upon timely objection to her competency as a witness the court committed no error in excluding her testimony.

**2. Bills and Notes—Payment—Acceptance of Note for Smaller Sum.**

Where J. left with W., one of the makers of a note, a note for the sum of $750, for safe-keeping, and thereafter called for such note, and W. delivered to him a note signed by only one of the makers for $650, and J. returned such note, protesting that it was not the note left with W., and thereafter collected a part of the $650 note, and then sued W. for the balance due upon the $750 note, held, that the taking of the $650 note was not payment of the $750 note, where there was no express agreement between the parties that the taking of the same was payment.

**3. Appeal and Error—Questions of Fact—Conflicting Evidence.**

The evidence in support of a verdict of the jury on appeal is regarded as true, and the evidence against it is deemed, for sufficient reasons, to have been rejected, and, where all the evidence supporting the verdict, taken together, together with all presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not hold it should be set aside on the ground that other evidence, had it been accepted, would have justified a different verdict.

(Syllabus by Clay, C.)

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by T. F. Walters against Tom Johnson. Judgment for plaintiff, and defendant brings error. Affirmed.

Kyle & McCombs, for plaintiff in error.

E. M. Frye, for defendant in error.

Opinion by CLAY, C. For convenience the parties herein will be referred to as they appeared in the trial court. This is an action by the plaintiff, T. F. Walters, against Tom Johnson for the balance due on a promissory note in the sum of $476, and alleging that a copy of the note could not be attached for the reason that it was left with the defendant and by him destroyed. Defendant answered by a general denial, and denied that he ever executed or delivered any promissory note, or that any note was ever left with him or destroyed by him, and denied he was indebted to the plaintiff in any sum of money. The issues were tried to a jury, with a verdict and judgment for plaintiff, from which defendant appeals.

The first assignment of error discussed by the defendant is that the court erred in not permitting Belle Johnson, the wife of the defendant, to testify in her husband's behalf. The testimony showed that they were both working for the Gore Mercantile Company, he as manager, and she as bookkeeper. She was incompetent to testify about any personal transaction that took place between the defendant and her unless she was an agent in the transaction, and the evidence nowhere shows that she was the agent of the defendant in the transaction. We think it sufficient on this point to cite section 5050 of the Revised Laws of Oklahoma 1910, subd. 3, and cases cited.

The defendant's next or third assignment of error is that the trial court erred in overruling a demurrer to plaintiff's evidence. The testimony in the case on the part of the plaintiff shows that he loaned defendant, Johnson, $750, with Gilliland-Hayes Mercantile Company as sureties on the note, which note was sealed up by Johnson, at the request of plaintiff, and placed in Johnson's safe; thereafter, when called for, Johnson delivered him another and different note with only the Gilliland-Hayes Mercantile Company's name upon it as maker, for $650; that he kept this note, and the mercantile company paid him $75 in cash; that the company exchanged for this note several other notes; and that he collected thereon about $335.50, leaving a balance due of $475.67. The defendant urges that the acceptance of this $650 note was payment. The answer to this is that the acceptance of this note by the plaintiff would not constitute payment unless there was an express agreement between the parties to treat it as such. Nor would the acceptance of other notes in lieu of the $650 note constitute payment unless there was an express agreement to that effect. Again, defendant's answer was not a plea of payment, but that he never executed the note, and did not owe the plaintiff anything. Defendant cites as authority the case of Lomax v. Colorado National Bank, 46 Colo. 229, 104 Pac. 85, announcing the rule that, while it

is true that the mere taking of a note of the debtor, or that of third persons, for an antecedent debt, is not payment of the latter, yet, where that is the intention of the parties, such effect is given, and also citing Fidelity Insurance Company v. Railroad Company, 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858.

We think neither of these cases in point, for the reason that there was no agreement between the plaintiff and defendant that the note should be taken as payment. The evidence shows that he took it protesting that it was not his note, nor for the amount of money that he had loaned the defendant, nor did he in delivering up this $650 note do so voluntarily, but because the trustees in charge of the Gilliland-Hayes Mercantile Company told him that it was all that he would ever get. This case falls within the rule announced in First National Bank v. Newton, 10 Colo. 161, 14 Pac. 428; Zook v. Odle, 3 Colo. App. 87, 32 Pac. 82; Joyce on Defenses to Commercial Paper, sec. 688, and cases there cited.

Defendant's fourth, fifth, and sixth assignments of error assert error in the instructions of the trial court with reference to the $750 note, for the reason that the acceptance of the $650 note was a novation. We think that the trial court's instructions were correct in this respect. It was according to the issues tendered in the pleadings. What we have said in passing on the third assignment of error is equally applicable to this. However, we have examined the instructions, and we think they fairly present the law of the case.

Defendant's seventh and eighth assignments of error urged that the evidence was insufficient to support the verdict. It has often been held by this court that it will not disturb the verdict of the jury where the evidence is submitted on proper instructions upon controverted questions of fact. Kiser v. Nichols, 35 Okla. 8, 128 Pac. 103.

Where controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material averment necessary to uphold the verdict, and the trial court in its instructions to the jury fully and fairly states the issues and fixes the burden thereon as the same are presented by the pleadings and the evidence, and a verdict is rendered which from all the facts appears to meet the requirements of justice, and which is approved by the court and judgment rendered in accordance therewith, this court will not reverse the order of the trial court denying a motion for a new trial.

In the case of City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528, Ann. Cas. 1913E, 349, this court said:

"The evidence in support of the verdict of the jury on appeal to this court is regarded as true, and the evidence against it is deemed, for sufficient reasons, to have been rejected; and where all of the evidence supporting a verdict, taken together and given all of the presumptions and deductions to which it is reasonably susceptible, is sufficient, then this court will not go behind the verdict and set it aside, on the ground that the countervailing evidence offered, had it been accepted, would have justified a different one."

For the reasons above given, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.