J. C. CRAVENS, Plaintiff in Error,

v.

FIRST STATE BANK OF SEMINOLE,
Oklahoma, a State Bank Corporation, Defendant in Error.

No. 38736.

Supreme Court of Oklahoma.

Oct. 4, 1960.

Lytle, Johnston & Soule, Oklahoma City, William E. Bishop, Seminole, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

## PER CURIAM.

This action was instituted in the Superior Court of Seminole County, Oklahoma, by the plaintiff, defendant in error here, to recover money due it under a promissory note, and to foreclose a chattel mortgage. J. C. Cravens, plaintiff in error, was made a party defendant by reason of his endorsement of a promissory note executed by the defendant, E. A. Whitbeck.

The said note was in favor of The First State Bank of Seminole, Oklahoma, defendant in error, for $5,500, dated December 4, 1953, which was endorsed by J. C. Cravens, plaintiff in error. All parties agree that Cravens was an accommodation endorser. The cash was advanced to Whitbeck, and the note was due ninety days from date, or on March 4, 1954, at which time the Bank made an additional loan to Whitbeck in the sum of $7,500, and took his note in the amount of $18,000 secured by a chattel mortgage. Prior to the execution of this note there was due the bank a $5,000 demand note executed by Whitbeck without security, and the $5,500 note endorsed by Cravens. The $5,500 note was held by the bank and filed in their records along with the $18,000 note.

It is argued by plaintiff in error that he was released and exonerated from liability on the December 4, 1953, note for the reason that the execution of the March 4, 1954, note by Whitbeck and acceptance of the same by the bank constituted payment of the December note.

■ This court has consistently held that in order for the giving of a new note for an obligation under a prior note to have the effect of discharging liability on the prior note, the new note must be given with that understanding on the part of both the maker of the new note and the holder of the prior note. Martin v. Coogan et al., 176 Okl. 391, 55 P.2d 1037; Wade v. Hall, 64 Okl. 173, 166 P. 720; Johnson v. Walters, 59 Okl. 233, 158 P. 914; Price v. Latimer County Nat. Bank of Wilburton, 119 Okl. 198, 239 P. 305.

■ The record herein does not reveal that there was any agreement on the part of the Bank to discharge liability on the note in question, nor is the argument presented by plaintiff in error supported by citation of any authorities, therefore same will not be further discussed or considered by this court on appeal. East Basin Oil & Uranium Co. v. Pound, Okl., 321 P.2d 694.

The plaintiff in error contends that plaintiff exceeded the waivers granted it on the face of the note by attempting to extend it more than a single time.

■ The note endorsed by J. C. Cravens contains the following provision:

" * * * and the several makers, sureties and endorsers hereto hereby waive appraisement, notice of extension, nonpayment and protest and agree that any extension of the time

made hereon or renewals hereof shall not affect their liability whether they have notice of such extensions or renewals or not."

Said note reveals on its face that three different extensions were made.

Plaintiff in error calls our attention to the cases of Kremke v. Radamaker, 1916, 60 Okl. 138, 159 P. 475, holding that under the above note provision there involved, a single extension is meant, and the case of Pioneer Const. Co. v. First State Bank of Oklahoma City, 1915, 60 Okl. 123, 158 P. 894, construing a different note provision and holding to a contrary result. He also cites quotations from American Jurisprudence, which are in harmony with the holding in the Kremke case, supra. However, since the decision in Pioneer Const. Co. v. First State Bank of Oklahoma City, supra, this court has passed upon this question in Gregg v. Oklahoma State Bank of Ada, 1919, 72 Okl. 193, 179 P. 613, wherein we held:

"Where a note contained the stipulation, 'and all the several names, sureties, and indorsers thereof waive appraisement, notice of extension, nonpayment, and protest, and agree that any extension of time made herein, or renewal thereof, shall not affect their liability, whether they have notice of such extension or renewal or not,' indicated that any one of an indefinite number of extensions was intended."

■ A surety becomes liable for the accommodation of the principal. He is presumed to know the terms and conditions of the paper he signs as to the time of payment, the rate of interest, waiver of notice of protest, extension of payment, etc. Knowing all this, he should not be heard to complain that the payee was indulgent with the principal by doing the very thing surety by endorsing said note authorized to be done. When the note became due the surety had a remedy, he could have satisfied the principal obligation and placed himself in the position of the creditor and enforced every remedy which the creditor then had against the principal to the extent of reimbursement, including necessary costs and expenses.

We are of the opinion that the case of Gregg v. Oklahoma State Bank of Ada, supra, is controlling as to the question of construing the extension provision of the note.

It is next argued by plaintiff in error that the obligation of the maker was altered by the plaintiff, without the consent of the endorser, J. C. Cravens, and that this impaired his security and prejudiced his rights.

■ We cannot agree with this contention, nor do we construe the authorities cited by plaintiff in error to hold that the bank was altering the obligation on the note in question by making an additional loan and taking other security for the same. The surety, Cravens, could have paid this note and become subrogated in equity to the rights of the creditor against the principal. The undertaking of a surety is absolute and he is directly liable to the creditor.

In the National Bank of Poteau v. Lowrey, 57 Okl. 304, 157 P. 103, 105, we said:

"As between creditor and surety, it is the surety's business to see that the principal pays. The creditor's chief purpose in requiring a surety is to avoid the necessity of resorting to legal remedies against the principal—to escape the vexation and expense of litigation, and cast that burden upon another. The surety's contract is that he himself will pay the note when it falls due and not that he will pay it in case the payee or holder cannot by due diligence enforce payment by the principal. If he performs his contract, the creditor has neither cause nor opportunity to institute legal proceedings."

■ Mere delay in filing suit against the principal, however long continued, does not release the surety from his obliga-

tion of suretyship. National Bank of Poteau v. Lowrey, supra. Therefore we cannot agree that the subsequent loan altered the original obligation of the surety to the creditor.

It appearing that other assignments of error are not well taken and same being unsupported by authority, it will not be necessary for us to consider same on appeal. East Basin Oil & Uranium Co. v. Pound, supra.

Judgment affirmed.

DAVISON, C. J., WLLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.