### TATE v. BAUGH et al.

No. 16970. Opinion Filed May 17, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

**1. Principal and Agent—Question of Agency for Jury—Evidence.**

Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination.

**2. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where questions of fact are submitted to the jury under proper instruction from the court, the jury's verdict and judgment rendered thereon will not be disturbed on appeal where there is any evidence reasonably tending to support same.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by H. W. Tate against J. F. Baugh et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Stone, Moon & Stewart and Busby & Harrell, for plaintiff in error.

Robert Wimbish and W. C. Duncan, for defendants in error.

PHELPS, J. The parties will be herein referred to as they appeared in the district court.

J. F. Baugh and Lou Baugh, defendants, executed their promissory note, and mortgage to secure the same, on certain real estate located in Pontotoc county to the Conservative Loan Company. The Conservative Loan Company assigned the note and mortgage to H. W. Tate, plaintiff, who filed his action in the district court of Pontotoc county, alleging that there was default in the interest payments due on the note and elected to declare the whole amount due and prayed for judgment on the note and foreclosure of the mortgage.

The defendants answered, admitting the execution of the note, but denied that any part of the note was past due, and alleged that the Conservative Loan Company was the agent of plaintiff for the purpose of collecting the payments due on the note and that a payment of $1,300 had been made to such agent for plaintiff. Plaintiff replied, denying that the Conservative Loan Company was his agent.

The cause was tried to a jury upon the sole question as to whether the Conservative Loan Company was the agent for the plaintiff or agent for the defendants, resulting in a verdict and judgment for defendants, to reverse which plaintiff prosecutes this appeal.

It is contended by plaintiff that there is no evidence to sustain the verdict of the jury, and that the court erred in refusing to direct a verdict for the plaintiff, while it is contended by defendants that the issue as to whose agent the Conservative Loan Company was, being a question of fact, upon which defendants prevailed, the verdict and judgment should not be disturbed on appeal.

We have read the briefs filed by both parties hereto and the authorities therein cited, and have carefully examined the record, and we cannot agree with plaintiff that there is no evidence tending to support the verdict of the jury, but, upon the other hand, conclude that the verdict is amply supported by the evidence.

It appears that when plaintiff bought the loan from the Conservative Loan Company that company forwarded to plaintiff the papers pertaining to the loan, including defendants' application for the loan, the note, the assignment of the mortgage, the loan company's guarantee and the certificate of insurance and the abstract of title. The loan company's guarantee to plaintiff provided that the loan company should "attend to the collection of principal and interest free of charge and remit therefor as soon as collected," and that it would "watch over and look after the loan until it shall have been fully paid," and "that no loss shall occur by reason of nonpayment of taxes or other liens."

Plaintiff denied that he received these papers in the mail with the note, but that was a question of fact submitted to the jury, and, from the jury's verdict, we infer the jurors reached the conclusion that he did receive such papers.

It appears that there was an insurance policy covering improvements on the real estate. This insurance policy was retained by the loan company. There was a loss by fire and the loan company collected $1,300 on the policy, which defendants claim should have been remitted to plaintiff and credited on the amount due, but it appears that the loan company failed to make the remittance.

All these facts were introduced by defendant to show that the loan company was the

agent for plaintiff. As we view it, this evidence was competent to be considered by the jury in reaching their conclusions as to whose agent the loan company was. Walker v. Beveridge, 107 Okla. 147, 231 Pac. 217; Schoonover v. Beveridge, 108 Okla. 114, 233 Pac. 728; Dandois v. Raines, 115 Okla. 88, 241 Pac. 1099.

This court has so often held that in this situation the verdict of the jury wi'l not be disturbed that we deem it unnecessary to again discuss that question or to cite authorities supporting the rule, and, following this well-settled rule, we must affirm the judgment of the district court.

MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 2 C. J. p. 959, §729; 960, §731. (2) 4 C. J. p. 853, §2834.