## JEFFERSON STANDARD LIFE INS. CO. v. POULTER.

No. 19902. Opinion Filed Oct. 20, 1931.

Rehearing Denied Jan. 12, 1932.

Johnson, McGill & Johnson, for plaintiff in error.

Wm. G. Davisson, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Carter county by defendant in error herein, Fred H. Poulter, against the plaintiff in error herein, Jefferson Standard Life Insurance Company, a corporation, for the recovery of $1,461.58 and interest thereon from the date of the filing of the suit.

Upon the trial of the said cause the jury returned a verdict in favor of the defendant in error herein, plaintiff below. Plaintiff in error herein filed motion for a new trial, which was overruled, and brings the cause here for review by petition in error with the case-made attached.

The parties will be referred to as they appeared in the court below.

The plaintiff alleged in his petition, in substance: That one M. A. Poulter, mother of the plaintiff, being the owner of certain property in the city of Ardmore, secured from the defendant herein a loan thereon and thereafter the defendant took possession of said real estate, foreclosed its mortgage and bid in the property for the full amount of the unpaid debt, attorney fees and court cost, and thereby took and accepted said property in full settlement of said mortgage loan.

That during the period from May, 1925, to October, 1925, both inclusive, defendant

corporation had, as its local agent in Oklahoma with offices at Oklahoma City, one H. E. Moen, who was then and there in charge of the affairs of said corporation in so far as they pertained to collections made on loans; that during all of said period of time defendant held out to the public, said H. E. Moen, as its local representative, permitting him and presenting him in such position to hold himself out as such representative; that by reason thereof, M. A. Poulter was induced to and did deal with H. E. Moen, as representative of defendant. That during said period of time, M. A. Poulter paid to defendant, through its agent H. E. Moen, the total sum of $1,351.35, as evidenced by checks set out in the petition, all of which checks were duly cashed and bearing the indorsement of H. E. Moen.

Plaintiff alleged that none of the sums of money were credited on said loan, but defendant corporation, through its agent, H. E. Moen, wrongfully kept and retained said money. That the mortgage indebtedness was fully paid and discharged from other sources. That defendant collected 7 per cent. interest on the whole of the mortgage indebtedness and did not reduce the interest charged by reason of the payments. Plaintiff says that, in addition to the sums of money represented by checks, there should be allowed thereon 7 per cent. interest from the date of the respective checks to the 4th day of October, 1926.

Plaintiff further alleges that by reason of said acts the defendant became liable to M. A. Poulter for money had and received for the use and benefit of M. A. Poulter in the amount sued for. That for a good and valuable consideration, M. A. Poulter sold and assigned her claim to plaintiff, attaching a copy of said assignment as an exhibit to petition. Plaintiff alleged that no part of said indebtedness had been paid; by reason thereof the plaintiff is entitled to judgment in the sum of $1,461.58. together with interest thereon at 6 per cent. and the cost of the filing of the suit.

Plaintiff thereafter filed amendment to the petition, alleging that defendant, acting through its agent, wrongfully and fraudulently prevented M. A. Poulter from pleading said payments when plaintiff brought suit on the mortgage indebtedness by orally representing to M. A. Poulter, through her agent, J. A. Poulter. that said sums of money paid, as aforesaid, had been kept in a separate account and same would be immediately refunded to M. A. Poulter, and she was thereby deceived and misled and prevented from pleading the said payment as defense to said action. That said representations were made by defendant for the wrongful and fraudulent purpose and intent of deceiving and misleading M. A. Poulter, thereby preventing her from pleading said payments, and defendant proceeded to take judgment for the full amount claimed against the said M. A. Poulter, over and above the amount of said payments, and to collect the said judgment in full and it still holds the sums of money collected from M. A. Poulter, as aforesaid.

The motion to make more definite and certain by requiring plaintiff to state who wrongfully and fraudulently prevented M. A. Poulter from pleading the payments was overruled by the court, for the reason that the information asked for was stated in the original petition.

The demurrer of the defendant, that the amended petition did not state facts sufficient to constitute a cause of action and showed on its face that there had been a previous adjudication, and that said adjudication is res adjudicata, and that the same constitutes a bar to this action, was overruled by the court.

Thereafter defendant filed its answer by way of general denial, admitted the execution of the mortgage and the foreclosure action, and alleged that it set up in its suit nonpayment of the indebtedness, except the sum of $89.24. That it had no knowledge or information that the money described in plaintiff's petition had been paid to H. E. Moen, and alleged that M. A. Poulter and J. H. Poulter filed answer to plaintiff's petition in the foreclosure action; admitted the execution of notes, default in the payment thereof, and alleged that there was due to plaintiff, and unpaid, the amount set out in the petition. The foreclosure action came on for trial and defendant appeared in said action and made no defense to the petition and had a hearing upon the homestead rights as against their codefendants therein and judgment was rendered for the plaintiff for the full amount sued for.

Defendant further alleged that plaintiff was the son of M. A. Poulter and the claim was assigned to him after said judgment and foreclosure of said property. and the claim is subject to all defenses that could be urged against M. A. Poulter. That if payments were made by M. A. Poulter to H. E. Moen, it was her duty to plead said payments in said action and in her pleading that the said mortgage was in default, as plaintiff claimed, M. A. Poulter is

estopped to maintain this action, and the plaintiff, her assignee, is also estopped. That the judgment is res adjudicata to the action brought herein and binding on the plaintiff.

Defendant says it is not advised as to the agreement between H. E. Moen and M. A. Poulter with reference to said payments, and her failure to disclose said payment was a fraud on defendant, and if any payments were made to H. E. Moen, with secret agreement, that the agreement was fraudulent against defendant, and M. A. Poulter is now estopped from bringing this action, and the plaintiff herein, her assignee, is also estopped.

Defendant further denies that H. E. Moen was authorized by it to collect money from M. A. Poulter and retain the same and not apply the same upon the indebtedness. That the arrangement was a transaction between themselves in which H. E. Moen was acting as agent of M. A. Poulter. Defendant is in no wise bound by his contract or agreement. That if any agreement was had between Moen and Poulter, such agreement was beyond any authority held by the said H. E. Moen and it is in no way binding upon this defendant.

Defendant further says that the notes given by the Poulters were payable at the office of the defendant in North Carolina and any payments made, as alleged in plaintiff's petition, are contrary to the terms of a written instrument. Attached to its answer the answer of the Poulters in the foreclosure action and judgment had in the foreclosure suit between defendant and the Poulters.

Plaintiff by way of reply denied all of the allegations not in accord with plaintiff's petition, denied that he was estopped by reason of the answer filed by M. A. Poulter in a foreclosure action, and further alleged that M. A. Poulter was prevented from setting up the sum sought to be recovered as an offset by the wrongful and fraudulent conduct of the defendant, through its agent, H. E. Moen. Denied that H. E. Moen was acting for M. A. Poulter in the transaction, but that H. E. Moen was at all times agent of the defendant and was so held out by the defendant.

The first contention urged by plaintiff in error is:

"Said court erred in admitting in evidence, over the objection of plaintiff in error, defendant in error's exhibits 'B', 'C', 'D', 'E', 'F', and 'G'."

These exhibits were the canceled checks by which the payments were made to H.

E. Moen, the alleged agent of defendant, for which money the suit was brought. The money paid, as evidenced by these checks, was the foundation of the plaintiff's suit, and the money being paid by checks, the checks were the best evidence of the payment thereof, and there is no merit in this contention.

The next contention urged by plaintiff in error is:

"Said court erred in admitting in evidence, over the objection of plaintiff in error, defendant in error's exhibits 'P' and 'Q'."

Exhibit "P" is a letter written by H. E. Moen, the alleged agent of plaintiff in error, to J. H. Poulter, the agent of the assignor of the plaintiff's claim, on the stationery of plaintiff in error, and reads as follows:

"I have your telegram, will you kindly let me know just what the property sold for and also if you have made any arrangements with the Jefferson Standard, as they are after me for settlement demanding this money. Do not want to do anything that will impair against you or get myself in trouble under the agreement you and I had. * * *"

Exhibit "Q" is the envelope which contained the letter and had return address of plaintiff in error thereon.

The statement of the alleged agent, Moen, contained in said letter, and the circumstance that the letter was written on the letterhead of plaintiff in error, and the letter being enclosed in an envelope of plaintiff in error, standing alone, are not admissible in evidence to establish the relation of principal and agent; however, the letter and envelope were admissible to corroborate other evidence introduced showing the relation of principal and agent. The question of agency and the scope of the authority of the said agency was the vital question in the case at bar.

In the case of Wagner v. Davidson, 127 Okla. 299, 260 P. 37, second paragraph of the syllabus, this court said:

"The general rule is that declarations of an alleged agent, standing alone, are incompetent to establish agency, but where the facts upon which the questions of agency are controverted become an issue to be determined by the court, or jury, from all the facts and circumstances, the findings of the court, or jury, will not be disturbed on appeal when reasonably supported by such evidence, facts, and circumstances."

There being additional evidence and circumstances on the subject of agency sufficient to sustain the verdict of the jury, it is

our opinion that the court did not commit reversible error in admitting the letter and envelope.

The next contention urged by plaintiff in error is:

"Said court erred in overruling plaintiff in error's demurrer to the evidence of defendant in error; and plaintiff in error's motion for a directed verdict in favor of said plaintiff in error."

Plaintiff in error contends under these assignments:

"1. If the defendant in error ever had any action against the plaintiff in error, it was barred by the judgment in the case of the Jefferson Standard Life Insurance Co. v. M. A. Poulter et al.

"2. The evidence does not establish that H. E. Moen was the agent of the plaintiff in error in the transaction between the said H. E. Moen and the defendant in error, and if he had any authority to act as agent in any matters for the plaintiff in error, this transaction was not within the scope of his authority."

The evidence of the plaintiff below is undisputed that the assignor of the claim sued upon paid the money which is the foundation of the claim of plaintiff to H. E. Moen, the alleged agent of plaintiff in error.

It is undisputed that the property of the assignor of the claim sued upon, and who was the grantor in the mortgage foreclosed by plaintiff in error upon said property, was bid in by plaintiff in error at the foreclosure sale for sufficient amount to pay the debt in full of plaintiff in error, interest, taxes, costs and attorney fees; not taking into consideration the payments made by Poulter, the assignor of the claim sued upon, to H. E. Moen, and that said payments to H. E. Moen were not pleaded as an offset in the foreclosure suit nor considered therein.

The plaintiff below alleged in his amended petition that defendant, through its agent, H. E. Moen, wrongfully and fraudulently prevented M. A. Poulter from pleading the payments in plaintiff in error's foreclosure suit, and agreed that the payments made would be kept in separate account and would be immediately refunded to M. A. Poulter, and she was deceived and misled and prevented from pleading the said payments as defense therein.

The evidence of plaintiff disclosed by J. H. Poulter, husband and agent of M. A. Poulter, the owner of the property foreclosed by plaintiff in error. that the Poulters had judgments against them and were anxious to save their homestead rights in said property. That when the first installment of the loan fell due he received the first written notice from the plaintiff in error, and then received a call from plaintiff in error's agent, Moen, to come to Oklahoma City to make some adjustment, and that he and his wife both went, and further testified as follows:

"* * * And really requested him, as the company agent, to make a friendly foreclosure, and on the basis that if it was not sold for a greater sum than they had against it they could well afford to buy it in so we could save our homestead rights, and after they bought it in then reloan it to us or to any one we might designate, the same loan. * * *

"And this agreement was agreed upon, and he insisted that I make payments right along and I agreed to pay at least $270 a month, and that sum of money would be held by the company as a private fund and not credited on the present loan and would be used as a credit on the new loan, and we did pay in the present amount of money, that was about the basis of our agreement."

The evidence of plaintiff further disclosed that after this agreement with Moen the plaintiff in error did not send any further notices of delinquent installments to the assignors of plaintiff's claim.

The plaintiff's evidence further disclosed that in the conversation of the Poulters with Moen after the first installment became due they explained to Moen that they did not intend to make any payments on the loan but let him foreclose; that Moen further promised:

"* * * In the event we failed to get the property back from the company in a new loan they would return this money to us."

The evidence further disclosed by plaintiff that a representative of plaintiff in error came to the Poulters' place before the foreclosure suit was filed and that the Poulters advised him that they were making monthly payments to Moen.

The plaintiff's evidence further disclosed that J. H. Poulter, after the foreclosure, went to the plaintiff in error to secure a new loan and it refused to make a loan anywhere near that amount, but offered a small loan not sufficient to take it up; as a result he lost his homestead right in the property; that he made demand for return of the payments made, the amount sued for held in the private fund, and it refused and stated they never received that money.

Corpus Juris, vol. 34, page 861, sec. 1271, lays down the rule:

"A defendant who omits to plead a par-

tial payment on the debt in suit is concluded by the judgment, and cannot afterwards maintain a suit to recover back such payment, unless he was prevented from setting up the payment by the action of the court, or by fraud, accident, or surprise, without fault on his own part, or, as held in some cases, where plaintiff was guilty of a breach of trust in failing to credit a part payment."

In the case of Harris v. Milligan, 68 Okla. 99, 171 P. 850, in paragraph 2 of the syllabus, this court said:

"In order to constitute a good plea of res adjudicata, the subject-matter of the actions must be the same."

In the foreclosure suit of plaintiff in error it was a suit for debt for loan of money on the real estate involved therein and for foreclosure of the mortgage; in the case at bar the evidence was introduced and cause tried on the theory that the money sued for was paid to the alleged agent of plaintiff in error to be held in separate account and to be credited on new loan, and if defendants did not get back the property and the plaintiff in error did not make the new loan, that defendants therein were to get back the money paid. This money then, under this theory, was paid on a separate and distinct contract, agreement and transaction, and would be a separate and distinct subject-matter from the foreclosure action; and the action in the case at bar could not arise until after the sale of the property under the foreclosure action and default was made in the carrying out of the alleged agreement between the Poulters and the alleged agent for the plaintiff in error.

It is our opinion that the foreclosure action is not res adjudicata of this action for the reason that the subject-matter of this action was not litigated in the former action.

While there is a variance between the pleadings and the proof introduced, the plaintiff not pleading specifically regarding the agreement for a friendly foreclosure and for a new loan, yet the evidence regarding the agreement between the Poulters and Moen for a friendly foreclosure, and payments to be made monthly and kept in separate fund, and new loan to be made to the Poulters and credit thereon for the payments, or the money to be refunded to the Poulters, was all introduced without objection by the plaintiff in error.

In the case of Hunt v. Van Siclen, 136 Okla. 69, 276 P. 182, in the second paragraph of the syllabus, this court said:

"The judgment of a trial court will not be disturbed on appeal on account of a variance between the allegations of the petition and the proof, where such variance has not actually misled the defendant to his prejudice, in making his defense upon the merits."

On the question of agency and the authority to act as agent in the transaction in question, the evidence of plaintiff discloses, in substance: Lee Eddleman testified that he was local agent for the plaintiff in error at Ardmore, Okla., during the years 1924 and 1925, which was the period covered by the transactions of the Poulters and the plaintiff in error and Moen involved in the case at bar; and in answer to the question:

"Q. Please state, if you know, who was the state agent for the Jefferson Standard Life Insurance Company in the state of Oklahoma during the time you were local agent at Ardmore, Okla., and if so, please state who said state agent was and where he lived during said time, and state fully the source of your information. A. Yes, I knew the state agent for the Jefferson Standard Life Insurance Company in the state of Oklahoma during the times inquired about. The state agent for said insurance company during said times was Mr. H. E. Moen, who was manager for said insurance company and kept his main office in Oklahoma City, state of Oklahoma, and said H. E. Moen was the general representative of the Jefferson Standard Life Insurance Company in looking after said company's property interest in said state during the times I was local agent at Ardmore, Okla., and negotiated loans for said insurance company, represented them generally in and about the management and transactions of their business in said state during the times herein mentioned. I know these matters from information received by me as local agent from the home office of the Jefferson Standard Life Insurance Company at Greensboro, N. C., and by instructions given me from the home office as to my duties as local agent and as to my relations with Mr. H. E. Moen, as state manager of the Jefferson Standard Life Insurance Company, and also from my relations with him in carrying on the business of the Jefferson Standard Life Insurance Company in the discharge of my duties as their local agent at Ardmore, Okla."

No objections were interposed to this evidence.

The further fact that the undisputed evidence shows that after the first installment was due written notice was sent by the plaintiff in error to the Poulters, and that after the Poulters had the agreement and transaction with Moen as testified to, the plaintiff in error did not send any further notices of delinquent payments to the Poulters, is a circumstance to be taken into consideration herein.

The testimony of the plaintiff further disclosed the loan was obtained through the local agent, Eddleman and Moen, for plaintiff in error; and subsequent foreclosure proceedings and the making and conducting of negotiations prior to the foreclosure were conducted through Moen, agent of plaintiff in error.

The plaintiff's evidence further disclosed that when the loan was obtained the check came through its regular course to Eddleman and he delivered it to the Poulters. That Poulter did not receive any notice from plaintiff in error that the loan had been accepted, but through Eddleman and Moen only.

The payments were made, as evidenced by the checks introduced, as per the agreement testified to by plaintiff.

In the case of Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362, this court in the third paragraph of the syllabus, said:

"In law actions in this jurisdiction the question of agency, when resting in parol, is a question of fact to be determined by the jury."

In the case of Tate v. Baugh, 125 Okla. 166, 256 P. 890, in the first paragraph of the syllabus, this court said:

"Where the facts upon the question of agency are controverted. it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination."

And in the case of McCurtain Cotton Oil Co. v. Guthrie, 146 Okla. 144, 294 P. 133, in the second paragraph of the syllabus, this court said:

"The questions of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined by the jury."

Also, in the case of Reed v. Anderson, 127 Okla. 64, 259 P. 855, in the first, second, and third paragraphs of the syllabus, this court said:

"1. Agency is never presumed, but is a question of fact to be proven, and the acts and declarations of the agent are not sufficient of themselves to establish the facts of agency, but must be determined from all the evidence, facts, and circumstances.

"2. On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury.

"3. The apparent authority of an agent is to be gathered from all the evidence, facts, and circumstances, and is a question of fact for the jury, and the evidence of authority of the agent may be proved by the circumstances, but not alone by the declaration of the agent."

In the case of King Auto Service v. Hodges, 143 Okla. 260, 288 P. 483, in the second paragraph of the syllabus, this court said with reference to demurrer to the evidence:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence but must treat as withdrawn the evidence which is most favorable to the demurrant."

Also, in the case of Evans v. Burleson, 127 Okla. 290, 260 P. 743, in the third paragraph of the syllabus, this court said:

"Where there is any competent evidence offered by the plaintiff reasonably tending to establish plaintiff's cause of action alleged in his petition and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled."

Then, applying the holdings of this court to the evidence heretofore set out, we can reach no other conclusion than that the court committed no error in overruling the demurrer and motion to direct the verdict.

Plaintiff in error next contends that:

"Said court erred in giving its instructions to the jury."

Plaintiff in error in its brief states with reference to the instructions:

"We do not believe there was any case to submit to the jury, unless it was submitted with the instruction to return a verdict for the plaintiff in error so that we do not place so much stress upon the instructions; however, if under the pleadings and evidence it was proper to submit the case to the jury, the same was not submitted under the proper instructions"

—and complaining that the court in attempting to recite the substance of the pleadings in the case confused the pleadings of defendant in error with his evidence; and that none of the well-settled rules of law applicable to the case were given on the question of agencies, and on the question of res adjudicata.

The question of the money, and the amount thereof, being paid to Moen, the

alleged agent of plaintiff in error, by the Poulters, and that the property was bid in by plaintiff in error for the full amount of the debt, and the payments made by the Poulters to Moen, were not credited in the foreclosure action, were undisputed; and there were only two issues involved in the case:

(1) The question of agency of H. E. Moen, and the extent of the authority of H. E. Moen.

(2) Whether or not M. A. Poulter was prevented by the acts of the defendant from pleading the payments.

In the case of Gourley v. Jackson, 142 Okla. 74, 285 P. 84, in the third and fifth paragraphs of the syllabus, this court said:

"3. Where the trial court substantially, though not entirely accurate on all points, states the issues arising on plaintiff's pleading or evidence, and it does not appear that the jury were misled thereby or misunderstood the issues, and the party who took exception to the statement or instruction fails to submit any instruction defining the issues, such case will not be reversed on appeal on the ground that the court failed to properly define the issues involved."

"5. The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it."

We are of the opinion that the instructions clearly and fairly stated the issues arising on the pleadings and the evidence and the law in the case at bar.

The plaintiff in error next complains that the court erred in failing to give its requested instructions, and quotes a part of its requested instructions No. 2 as follows:

"In this connection, you are instructed that even though you find that said H. E. Moen was the agent of the defendant herein with reference to its property in Oklahoma, yet it would not be within the scope of said agent's authority to enter into an agreement with the said M. A. Poulter to collect money with the understanding that same was not to be paid over to the defendant and applied upon the indebtedness due the defendant from the said M. A. Poulter."

This requested instruction took from the jury the question of deciding the scope of the agent's authority. The question of agency and the extent of the authority of the agent were questions to be determined by the jury, and the court did not err in refusing to give the same. The question of agency and the extent of the authority of the agent and the questions raised by the

requested instructions were fully covered by the instructions given by the court.

We are of the opinion from examination of all the record, the evidence in the case, and the instructions of the court, that a fair trial was had, and that all rights of the defendant were fairly protected by the trial court. We find no error in the action of the trial court in the matters complained of, and the court committed no error in overruling the defendant's motion for a new trial.

The judgment of the trial court is, therefore, affirmed.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and CULLISON, JJ., absent.