## FOX HEAD WAUKESHA CORP. v. CO-MANCHE ICE & FUEL CO.

No. 24945. Oct. 15, 1935.

Arthur J. Marmaduke and H. W. Sitton, for plaintiff in error.

J. P. Speer, for defendant in error.

PER CURIAM. This is an action to recover on an account originally made by the defendant and Fox Head Spring Beverage Company. The plaintiff alleged that it acquired the account, by transfer, from Fox Head Spring Beverage Company, and is now the legal owner thereof. In his answer, defendant, among other things, denied that plaintiff was the owner of the account.

At the close of plaintiff's evidence, defendant interposed a demurrer, which was overruled. Defendant introduced his evidence, based upon a counterclaim, and the plaintiff's demurrer thereto was sustained. The court discharged the jury and took under further consideration the defendant's demurrer to plaintiff's evidence. Thereafter this demurrer was sustained and judgment rendered in favor of the defendant. Motion for a new trial was overruled, and plaintiff appeals.

The only question involved in this appeal is whether there is sufficient competent evidence to establish ownership of the account in plaintiff. The plaintiff had in its possession, and introduced in evidence, the original ledger sheet of account, the original bill of lading, and the correspondence had between the defendant and the Fox Head Spring Beverage Company, and also the plaintiff. The office manager and auditor of the plaintiff testified that the plaintiff was the owner of the account. The sales manager of the plaintiff, who had also been sales manager for the Fox Head Spring Beverage Company, testified that the Fox Head Spring Beverage Company and plaintiff had the same officers, "the same people running both companys," occupied the same building, and were practically considered as one company. He further testified that from his own personal knowledge he knew the account in question was transferred, and that the transfer was made orally. On cross-examination, this witness, in reply to questions asked by defendant, testified as follows:

"Q. You say the Fox Head Spring Beverage was dissolved? A. Yes, sir. Q. When? A. Whatever the date is on those papers, I can't keep these in mind. Q. March 26, 1929. Q. Is that when you say the Fox Head Spring Beverage Co. was dissolved? A. Yes, sir. Q. Who then became the owner of this account? A. Milwauke Waukesha Brewing Co., whose name was changed to the Fox Head Waukesha Corporation. Q. This Fox Head Spring Beverage Company have no further interest in the account? A. Well, it was transferred. Q. Fox Head Spring Beverage Company ceased to exist? A. It was taken over. Q. Did it cease to exist? A. Yes, sir. Q. Have no further interest in the account, is that right? A. Yes, sir."

A demurrer to evidence admits every fact which it in the slightest degree tends to prove, together with all inferences and conclusions that may be reasonably and logically drawn therefrom. Jefferson Standard Life Insurance Co. v. Poulter, 154 Okla. 86, 6 P. (2d) 665. Viewing the foregoing evidence in the light of this rule, we find it sufficient to establish the ownership of the account in the plaintiff.

The plaintiff also introduced in evidence, over the objection of the defendant, certified copies of certain resolutions, but since we have eliminated them from our consideration of the evidence, it is therefore unnecessary to determine their competency.

Defendant also contends that plaintiff failed to prove that it was a corporation; but the corporate existence of plaintiff was not put in issue. Defendant's answer was verified, but contained no specific denial of the corporate existence of plaintiff. In order to put the existence of a corporation in issue, the answer must expressly aver under oath the nonexistence of said corporation. McMurray v. Witherspoon Livestock Com-

mission Co., 132 Okla. 100, 269 P. 357.

The demurrer of defendant to plaintiff's evidence should have been overruled.

This cause is therefore remanded, with directions to overrule defendant's demurrer and proceed in a manner not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys J. W. Hill, Ira A. Hill, and A. R. Carpenter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. J. W. Hill and approved by Mr. Ira A. Hill and Mr. A. R. Carpenter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.