(42 App. Div. 301.)

### In re SARGENT.

### In re BRADLEY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. LIMITATIONS—CLAIMS AGAINST DECEDENT.

The adjustment and allowance of a claim against an estate fix a new time from which limitation would run against it, and, where the party seeking to interpose limitations fails to show when it was in fact allowed, the court will fix the time as of the time when the petition for the sale of realty for the payment of debts, referring to the claim as a debt, was presented to the surrogate.

2. SAME.

The presenting of the petition was the commencement of a legal proceeding for the payment of the claim, and limitation will not run against it pending the proceeding, though the proceeding be not instituted by the claimant, but by the administrator for his benefit.

3. SAME.

The six-years limitation applies to proceedings to compel an administrator to account for personalty, but not for the proceeds of realty sold by him to pay debts, since, under Code Civ. Proc. § 2726, where a decree for the sale of realty is made, the court may from time to time compel a judicial

settlement of the administrator's account, and he is required to give bond to account for all money received by him "whenever he is required to do so" by the court.

4. SAME.

Conceding limitation runs against a proceeding for an accounting for proceeds of realty, it cannot run until the creditors' right to call the administrator to account has accrued, which is not until after he has received the proceeds. Where he reported a sale, but did not show when he got the money, the date of the report will be taken as the time the right occurred.

Appeal from surrogate's court.

Petition by Amos L. Sargent for a compulsory accounting by Robert Armstrong, Jr., and Margaret H. Bradley, as administrators, etc., of George Bradley, deceased. There was an order directing an accounting for the moneys received from the sale of real estate (54 N. Y. Supp. 555), from which Margaret H. Bradley appeals; and from so much of the order as refused to direct the administrators to account as to the personal property the petitioner appeals. Affirmed.

On the 7th day of October, 1883, the firm of Bradley & Underwood gave their promissory note for the sum of $2,894.51, payable six months after date, with interest, to the petitioner, Amos L. Sargent. Thereafter Underwood died, leaving Bradley surviving partner; and on the 5th day of November, 1887, George Bradley, such surviving partner, also died, leaving unpaid upon such note the sum of $821.25. Letters of administration upon the estate of George Bradley were issued to Robert Armstrong, Jr., and Margaret H. Bradley, on the 14th day of November, 1887. Thereafter (but the precise time does not appear) the petitioner called upon Mrs. Bradley for payment of such note, who said to him, "Go to Mr. Armstrong, and he will arrange it with you." Armstrong paid the interest upon such note from time to time, until about the 1st of October, 1897. In the year 1890 Robert Armstrong, Jr., and Margaret H. Bradley, administrator and administratrix, presented a petition, verified by both of them, to the surrogate's court, asking for the sale of real estate of George Bradley, deceased, for the payment of his debts. Among such debts is stated to be the balance unpaid upon the Bradley & Underwood note, amounting to $821.25. Thereafter, and on the 10th day of January, 1891, a decree was entered in the surrogate's court reciting the petition of said administrator and administratrix, and the allegation therein that the claim of the petitioner for $821.25 was a valid and subsisting claim against decedent's estate, and adjudging that the claims of the creditors thereinbefore stated were valid and subsisting debts against said decedent's estate, and decreeing the sale of decedent's estate to pay such debts. On the 3d day of March, 1893, a report of sale, signed by Robert Armstrong, Jr., and Margaret H. Bradley, as administrator and administratrix, was filed in the surrogate's court, in which said administrator and administratrix reported that they had sold the decedent's real estate for the sum of $19,995.50. So far as appears from the record before us, nothing was thereafter done in the matter until the 3d day of September, 1898, when the petitioner presented a petition to the surrogate's court demanding an accounting by such administrator and administratrix,—among other things, setting up in such petition the sale of such real estate, and their failure to account for the proceeds thereof. Margaret H. Bradley, as administratrix, answered, and contested the right of the petitioner to such accounting; but Robert Armstrong, Jr., made default. The statute of limitations was asserted as a bar and a defense to the petitioner's proceedings. It is asserted as a bar to his recovery upon the note, and also as against his right to call the administrator and administratrix to account. The surrogate held that the petitioner was not entitled to an accounting as to the personal property of the decedent, but was entitled to an account of the proceeds of the sale of the real estate, and held that the statute of limitations had not run as against the note. The record is somewhat meager. The various orders and decrees referred to are not contained in it. When the note was presented as a claim against the estate

does not appear, nor when it was allowed as such claim. Neither does it appear when the real estate was sold, and the proceeds came into the hands of the administrator and administratrix. The administratrix, Margaret H. Bradley, appealed from the order of the surrogate directing an accounting for the moneys received from the sale of the real estate. The petitioner appealed from that portion of the order of the surrogate which refused to direct such administrator and administratrix to render an account as to the personal property of the decedent.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Potter & Kellogg, for Margaret H. Bradley, administratrix.

Charles R. Paris (O. H. Sturges, of counsel), for petitioner, respondent and appellant.

HERRICK, J. It appears from the petition of the administrator and administratrix that some time, on or prior to November 1, 1890, they had allowed and adjusted the claim of the petitioner upon the note. That adjustment and allowance of the claim fixed a new period from which the statute would commence to run as against such demand, and, in the absence of any evidence as to when the claim was in fact allowed, I think we must fix the date of such allowance as of the time when the petition was presented to the surrogate's court. If it was allowed at an earlier period, the person seeking to set up the bar of the statute should have proved it. The presenting of that petition was the commencement of legal proceeding for the payment of such claim, and the statute will not run against it pending proceedings to procure money for its payment. It is familiar law that when legal proceedings are commenced to enforce a right, before the statute has run against it, no lapse of time after the commencement of such proceedings will operate as a bar to the enforcement of that right. Evans v. Cleveland, 72 N. Y. 486–488. And, while that principle is ordinarily applicable to proceedings commenced in person by the party claiming the right, yet I do not see why the same principle does not apply when such proceedings are instituted in his behalf and for his benefit,—particularly in a case like that of a claim presented to, and admitted by, an administrator, which renders an action to obtain a judgment for it unnecessary. It seems to me, therefore, that the claim itself is not barred.

The next inquiry is whether the right to call the administrator and administratrix to account is barred. The general rule is that the six-years' statute of limitations applies to proceedings against executors and administrators. Roup v. Bradner, 19 Hun, 513; In re Rogers' Estate, 153 N. Y. 316, 47 N. E. 589. While such rule and the authorities cited uphold the decision of the surrogate in not compelling the defendant to account for the personalty, I do not think such rule or the cases bar an accounting as to the proceeds of the real estate. As administrator and administratrix, primarily, they have nothing to do with decedent's real estate, they have no control over it as such, they can only sell it by virtue of the special proceedings authorized by title 5 of chapter 18 of the Code of Civil Procedure, under which, if they refused to act, a freeholder can be designated by the surrogate to sell the same for the purpose of procuring money to pay debts.

Section 2767.   They are proceedings which may be instituted by an executor or administrator or by a creditor of the estate.   When, pursuant to such proceedings, the executor or administrator sells, he is, before selling, required to give a bond to account for all money received by him whenever he is required to do so by a court of competent jurisdiction.   Section 2766.   Under subdivision 3 of section 2726 of the Code of Civil Procedure, the surrogate's court "may, from time to time, compel a judicial settlement of the account of an executor or administrator,   *   *   *   where a decree for the disposition of real property, or of an interest in real property, has been made, as prescribed in title fifth of this chapter, and the property, or a part thereof, has been disposed of by him pursuant to the decree."   It will be observed that the accounting provided for by the last section cited is a special accounting for their proceedings in a special proceeding, not an accounting for their proceedings generally as executor or administrator.   If we assume that the statute does run in such a case, it cannot commence running until the creditors' right to call them to an account has accrued.   Their right to call them to an account for the moneys received from the real estate could not accrue until they had received such money.   There is no evidence as to when this money was received by them, except their report filed March 3, 1893.   If they received it at an earlier time, it was incumbent upon them to prove the time of such receipt, in order to fix the time from which the statute commenced running.   In default of such proof, I think we must take the date of their report to the surrogate as the time when the right to call them to an account for the receipt of such money accrued.   These proceedings to call them to an account were commenced less than six years thereafter.   The proceedings here for the sale of the real estate were instituted under the title and chapter of the Code of Civil Procedure mentioned in section 2726.   The record discloses that the real estate has been disposed of by the administrator and administratrix pursuant to the decree.   It shows that they sold such real estate for more than $19,000, and it is to be inferred from their report that they received that amount of money therefor.   They did not account for it, and it must be assumed that they still have it, and such assumption must continue until they do account for it.   The petitioner, in his petition, after alleging the obtaining of a decree for the sale of real estate for the payment of debts, and the sale of such real estate under such decree, further alleged that "the administrator and administratrix have not accounted for the proceeds thereof, or paid any part thereof to your petitioner."   The administratrix filed a written answer, in which she denied various allegations of the petition, but did not deny that portion of it referring to the real estate in question, or that portion which charged that the administrator and administratrix had not accounted for the proceeds of the sale thereof, and it must therefore be taken as admitted that the proceeds of the real estate have never been accounted for.   So far as the record before us discloses, the proceeding authorized by the surrogate's court for the sale of real estate to procure money with which to pay this and other claims against the decedent's estate has

never been concluded. The case before us therefore comes within section 2726 of the Code of Civil Procedure, above cited.

The decree of the surrogate should therefore be in all things affirmed, without costs of this appeal to either party. All concur; PARKER, P. J., in result.

LANDON, J. (concurring). I think the administrators should account for both realty and personalty. Their proceeding to sell real estate for the payment of the debts of the intestate, among which was the debt therein adjudged to be due the petitioner, resulted in the sale of the real estate, and the receipt therefrom by the administrators of $19,995.50, for which they have never accounted. It should be completed, and payment of the debts ordered; but, before it can be known how much of the proceeds of the real estate should be applied to the payment of debts, the administrators should account for the personalty. Both accountings are part of one proceeding, when the personal estate, as in this case, has not been previously accounted for. The objections are sham.