## WILLS v. FULLER.

No. 4213.   Opinion Filed July 13, 1915.

(150 Pac. 693.)

1.  **PRINCIPAL AND SURETY—Evidence of Suretyship.**  Section 1051, Rev. Laws 1910, provides that: "One who appears to be a principal, whether by the terms of a written instrument, or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal."

2.  **SAME—Surety Satisfying Principal's Obligations.**  Section 1061, Rev. Laws 1910, provides that: "A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended; and also to require all his cosureties to contribute thereto, without regard to the order of time in which they became such."

3.  **SAME.**  Section 1062, Rev. Laws 1910, provides that: "A surety is entitled to the benefit of every security for the performance of the principal obligation, held by the creditor or by a cosurety, at the time of entering into the contract of suretyship or acquired by him afterwards, whether the surety was aware of the security or not."

4.  **EVIDENCE — Principal and Surety — Suretyship — Rights of Surety—Possession of Property.**  On the 18th day of August, 1910, C. F., the plaintiff herein, and L. made, executed, and delivered to W. six promissory notes of $100 each, falling due at stated times one month apart.  Contemporaneous therewith, and for the purpose of securing payment of said notes, C. made, executed and delivered to said W. a chattel mortgage, which mortgage was duly recorded as required by law; thereafter, on the 21st day of October, 1910, said C. made, executed, and delivered to Wills, the defendant herein, a promissory note for $675 in payment of certain rents, and to secure payment thereof

executed a second chattel mortgage covering the same personal property formerly mortgaged by her. The trial court found, and there was evidence to support the finding, that, although upon the face of the notes signed by F. he appeared to be a principal, he was in fact a surety for C. Within a few days after the execution of the six notes by C., F., and L., W., the original payee, transferred three of them by indorsement to Wilson Bros., and also assigned to them the first chattel mortgage executed as aforesaid. On the 21st day of October thereafter, Wills, the defendant herein, purchased the three notes still held by W., the original payee. On the 16th day of November, 1910, Wills commenced an action upon the three notes purchased by him from W., the original payee, naming as defendants therein C., L., F., and W. This action proceeded to judgment without any appearance on the part of F. On the 1st day of February, 1911, F. paid the joint judgment, taking an assignment thereof from the defendant, who on the same day also assigned to F. by indorsement the three remaining notes signed by him. In the meantime the defendant had taken' possession of the pledged personal property. **Held:** (1) That the plaintiff is entitled to show that, although he appears to be a principal, he is in fact a surety; (2) the plaintiff, having satisfied the obligation of C., his principal, is entitled to the possession of the personal property pledged by her for the performance of the principal obligation to the extent of reimbursing him for the amount thus expended.

5. **REPLEVIN—Judgment.** Section 4807, Rev. Laws 1910, provides that: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention."

6. **SAME—Value of Property—Evidence.** In an action in replevin, it is error to render judgment in favor of the plaintiff for a sum certain as the value of the property in controversy, in case a delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*R. C. Allen, Assigned Judge.*

Replevin by J. F. Fuller against Thomas Wills. Judgment for plaintiff, and defendant brings error. Modified, reversed and remanded.

*E. B. Hughes* and *J. R. Miller,* for plaintiff in error.
*Burke & Harrison,* for defendant in error.

KANE, C. J. This was an action in replevin, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, wherein was in-

volved the right to possession of certain specific personal property. The petition and affidavit of the plaintiff were in the usual form. The answer of the defendant was in effect a general denial. Upon trial to the court there was judgment for the plaintiff for the return of the property, or the value thereof fixed at $600, in case the same could not be returned.

The assignments of error argued by counsel for plaintiff in error in their brief are summarized under two subheads as follows:

(1) The court erred in adjudging and decreeing that the plaintiff is entitled to the immediate possession of the property described in the plaintiff's petition, for the reason that said findings and judgment are not supported by the pleadings, agreed statement of facts, and the evidence, nor by either or any of them, and that said judgment is contrary to the evidence and contrary to law.

(2) The court erred in finding the value of the property in controversy to be $600 and in rendering judgment in the alternative against the plaintiff in error for said amount, for the reason that said finding and judgment is not supported by the evidence, pleadings, and agreed statement of facts, nor by either or any of them, and is contrary to the evidence and contrary to law.

The facts necessary to notice here may be stated briefly as follows: On the 18th day of August, 1910, Lucy Crayton, J. F. Fuller, the plaintiff herein, and one Logan made, executed, and delivered to W. M. Williams six promissory notes of $100 each, falling due at stated times one month apart. Contemporaneous therewith and for the purpose of securing payment of said notes, Lucy Crayton made, executed and delivered to said Williams a chattel mortgage covering the property in controversy, which mortgage was duly recorded as required by law. There-

after, on the 21st day of October, 1910, said Lucy Crayton made, executed, and delivered to Thomas Wills, the defendant herein, a promissory note for $675 in payment of certain rents, and to secure payment thereof she executed a second chattel mortgage covering the property in controversy.

The trial court found—and there was evidence to support the finding—that, although upon the face of the note plaintiff appeared to sign the note jointly with Lucy Crayton and Logan as principal, he was in fact a surety for Lucy Crayton, and received no actual benefit from the execution thereof. Within a few days after the execution of the Crayton notes, Williams, the payee therein, transferred three of them by indorsement to Wilson Brothers, and also assigned to them the first chattel mortgage executed as aforesaid. On the 21st day of October thereafter, Thomas Wills, the defendant, purchased the three notes assigned to Wilson Brothers, and also the three notes still held by Williams, the original payee. On the 16th day of November, 1910, Wills, the defendant in this action, commenced an action upon three of the notes purchased by him from Williams, joining as defendants therein Lucy Crayton, J. E. Logan, J. F. Fuller, and W. M. Williams. This action proceeded to judgment without any appearance on the part of Fuller. On the 1st day of February, 1911, Fuller paid the judgment, taking an assignment thereof from the defendant, and on the same day the three remaining notes were transferred to him by indorsement by the defendant herein. In the meantime the defendant had taken possession of the property involved.

The plaintiff herein contends that, having paid the debt of his principal, Crayton, he is entitled to the property pledged by her, to reimburse him for the amount so expended. We think this contention is well taken. Section 1051, Rev. Laws 1910, provides that:

"One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal."

There is some argument to the effect that the defendant herein belongs to the class of persons excepted from the operation of the foregoing statute, but in our opinion the foregoing facts, which are practically undisputed, do not disclose that the defendant in any wise acted to his detriment on the apparent character of the plaintiff. The transaction between all of the parties seems to have been an ordinary commercial transaction. The Crayton notes found their way into the hands of the defendant in due course, and their purchase carries with it the chattel mortgage by which they were secured without a formal assignment. *First Nat. Bank v. National Live Stock Bank,* 13 Okla. 719, 76 Pac. 130; *Smith v. First Nat. Bank,* 23 Okla. 411, 104 Pac. 1080, 29 L. R. A. (N. S.) 576; *Druke v. Heiken,* 61 Cal. 346, 44 Am. Rep. 553.

The defendant treated the plaintiff as a principal, and toward him he was a principal, who accepted the liability attaching to that status by paying the judgment and taking up the remaining unpaid notes, in each case taking an assignment from the holder. But as between Lucy Crayton and himself the plaintiff was still a surety, and his rights in the premises must be determined as such.

Section 1054, Rev. Laws 1910, provides:

"Notwithstanding the recovery of judgment by a creditor against a surety, the latter still occupies the relation of surety."

And section 1061, Rev. Laws 1910, provides:

"A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended; and also to require all his

cosureties to contribute thereto, without regard to the order of time in which they became such."

And section 1062, Rev. Laws 1910, provides:

"A surety is entitled to the benefit of every security for the performance of the principal obligation, held by the creditor or by a cosurety, at the time of entering into the contract of suretyship, or acquired by him afterwards, whether the surety was aware of the security or not."

When the Crayton notes came into the hands of the defendant by purchase, he became the creditor of the makers thereof, and as such was entitled to the benefit of the security given for their payment. He could have foreclosed the first chattel mortgage, which was then in his hands, and applied the proceeds in payment of the notes if he had so elected. Upon his electing to collect the notes from the plaintiff, it seems quite clear to us that the latter, having satisfied the obligation of the principal, became, by virtue of section 1062, *supra,* entitled to the benefit of the security held by the defendant, as a creditor of the principal, and to enforce every remedy which the defendant had against the principal prior to the payment of the notes and judgment by the plaintiff and their assignment to him. As one of these remedies was the possession of the property involved herein for the purpose of foreclosing the first chattel mortgage by which it was incumbered, we think the trial court was right upon this branch of the case.

The second assignment of error is predicated upon the action of the trial court in finding the value of the property to be $600, there being no evidence adduced at the trial tending to support such finding, and entering judgment in the alternative for this sum against the defendant. This contention must be sustained. There seems to have been no evidence offered at the trial tending to establish the value of the property taken. Whilst in replevin the question of value is not in issue, only as it

comes in incidentally in regard to the title and right of possession, still the value is required to be found in certain states to inform the court what judgment to render, or what sum to collect in case the return cannot be had. Cobbey on Replevin (2d Ed.) sec. 996; Wells on Replevin (2d Ed.) sec. 569. That is the case in this jurisdiction, if a judgment in the alternative is required. Section 4807, Rev. Laws 1910, provides:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. * * * "

In the case before us, we cannot gather from the agreed statement of facts, or any statement of counsel in their brief, whether a delivery of the property involved herein can be had. If it can, the judgment for the plaintiff for possession thereof is sufficient; if it cannot, it will be necessary to supply the trial court with proof of value before a judgment in the alternative can be entered against the defendant.

It is therefore ordered that the judgment of the court below be modified by setting aside the part thereof entering judgment for $600 as the value of the property, and that on the question of value a new trial be granted.

All the Justices concur.