## McALLISTER v. BORDER et al.

No. 12490—Opinion Filed Jan. 15, 1924.

Rehearing Denied Jan. 15, 1924.

**1. Principal and Surety — Contribution by Cosureties.**

The cosureties upon a promissory note, who have paid the amount due the payee, have a right to proceed against other cosureties for pro rata contribution.

**2. Reversal of Judgment.**

Record examined, and held, that the judgment of the trial court is not supported by the evidence, and is contrary to the law, and should be reversed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by G. F. Border and C. H. Rutter against C. A. McAllister upon a promissory note. The cause was originally filed in the justice of the peace court in Greer county; judgment for defendant, and the cause appealed to the district court of Greer county. Trial de novo in the district court before the district judge without a jury. Judgment for plaintiffs. Defendant appeals. Reversed and remanded, with directions.

M. H. Mills, for plaintiff in error.

H. D. Henry, for defendants in error.

"No._____ Amt. $_____
"Due_____191__ Int.
"Ex. To_____191__ Interest paid.
        "150
"Int.      7.50
        _____
        157.50
"Cr. Border & Rutter
"Name _____
"Address _____
"No._____ Street
"C. M._____ Deed Col._____
"L. E.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs G. F. Border and C. H. Rutter commenced this action in the justice of the peace court in Greer county, by filing their bill of particulars therein on the 6th of October, 1915. The bill of particulars, in effect, charges that on March 27, 1912, the defendant, C. A. McAllister, and W. F. Shelton, John Evans, Sr., and Wm. Burgess, made, executed, and delivered their promissory note to the Mangum National Bank in the sum of $150, bearing interest at ten per cent. pe annum, payable annually, and providing for $10 and ten per cent. on principal and interest as attorney's fee. That plaintiffs indorsed said note on the back as sureties. That after maturity plaintiffs paid off the note on the 18th of February, 1913, by paying the sum of $157.50. That after having made the payment the defendant paid the sum of $50 of the amount. That a former suit had been filed on the note and judgment had been rendered against W. F. Shelton and N. O. Munroe, who also seems to have been one of the parties who signed the note, but by mistake the defendant McAllister was not properly made a party and no judgment had been taken against him. A copy of the note is attached and made a part of the bill of particulars, and is as follows:

"150.00 Mangum, Okla., March 27th, 1912.
"Six months after date I, we, or either of us jointly or severally, waiving grace and protest promise to pay to the order of Mangum National Bank, Mangum, Oklahoma, one hundred fifty & no-100 dollars, for value received, with interest from date at the rate of 10 per cent. per annum, payable annually until paid. The interest, if not paid at maturity, to become as principal and bear the same rate of interest. And in case this note is placed in the hands of an attorney for collection we agree to pay $10.00 and 10 per cent. additional for the collection of the same. The indorsers, guarantors and assignors severally waive presentment for payment of this note, and all defense on the ground of any extension of time of its payment that may be given by

"173.75 to Oct. 12-13

the holder or holders, them or either of them, or to the makers thereof.

"N. O. Munroe.

"Jno. Evans, Jr.
"Wm. Burgess,
"W. F. Shelton,
"John Evans,
"E. A. McAllister."

"20798
"9-13

"K. E. Crook, Deputy Court Clerk."

On back of note appears the following:

Written across face of note in red ink: "Canceled by Judgment,

"G. F. Border, Security.
"C. H. Rutter, Security.
"This note paid Feb. 18 - 1913
in full by G. F. Border & C. H. Rutter."

The prayer is for $157.50, interest, and attorney's fees.

The defendant answered by general denial; and by an affirmative plea, in substance and effect, as follows: That defendant C. A. McAllister joined W. F. Shelton, John Evans (Sr.), N. O. Munroe, and plaintiffs G. F. Border and C. H. Rutter, and John Evans, Jr., in making the note. That it was understood and well known at the time of signing the note that all these parties were sureties for John Evans, Jr., and all signed the note before delivery. That plaintiffs advised defendant that because of the insolvency of the principal and other sureties that they—plaintiffs and defendant—would be required to pay the note, and the bank had agreed to accept the principal; and defendant then paid the sum of $50 on agreement with plaintiffs that he was to be held harmless as to the balance of the note. For further defense it is alleged that plaintiffs filed suit upon the note against the defendant C. A. McAllister, together with W. F. Shelton, John Evans (Sr.), Wm. Burgess, N. O. Munroe, and John Evans, Jr., and took judgment against W. F. Shelton and N. O. Munroe, and dismissed the cause with prejudice as against John Evans, Sr., Wm. Burgess, and John Evans, Jr., the principal upon the note; and pleads such dismissal as to John Evans, Jr., as a discharge of this defendant also.

The cause was tried upon the issues joined, resulting in a judgment in favor of C. A. McAllister. Plaintiffs appealed to the district court of Greer county. On the 3rd of January, 1921, plaintiffs filed a reply to defendant's answer by way of general denial, and on the 5th of January, 1921, the cause was tried to the court without a jury, Hon. T. P. Clay presiding. The court renders judgment in favor of the plaintiffs and against the defendant for the full amount of the note and interest, less the payment of $50 previously made by the defendant, McAllister, judgment being in the aggregate of principal and interest, the sum of $209.80 and attorney's fees in the sum of $30.98. Defendant filed motion for a new trial, which

was overruled, and he appeals by case-made and the cause is here regularly for review.

The complaint made is that the judgment is not supported by the evidence, and is contrary to the law.

An examination of the record in this case discloses that at about the time the note which is the basis of this action was made, one John Evans, Jr., desired to secure a loan of $150. He signed the note and secured the signing thereof by Wm. Burgess, W. F. Shelton, John Evans (Sr.), E. A. McAllister (C. A. McAllister), and N. O. Munroe, and the names not being sufficient to get the money, the note was presented to C. F. Border and C. H. Rutter, who wrote their names across the back of the note, followed by the word "security". The money was obtained by John Evans, Jr., who thereafter defaulted and left the state. It further appears from the record that Wm. Burgess, W. F. Shelton, John Evans (Sr.), and N. O. Munroe had either left the state or were hopelessly insolvent. It further appears from this record that every party who signed the note had placed his name thereon before delivery to the bank and before John Evans, Jr., got the money, and that each one knew, at the time of signing, that John Evans, Jr., was the principal and all others signing were sureties for him. There is no pretense on the part of the plaintiffs Border and Rutter that they did not know that John Evans, Jr., was the party who was to get and did get the money, and that C. A. McAllister stood in precisely the same position with regard to the paper in which they stood, that is, as sureties for John Evans, Jr. The foregoing being true, and burden of payment to the bank falling upon the solvent sureties, to wit, Border, Rutter, and McAllister, this cause presents one of contribution among the said solvent sureties. Wills v. Fuller, 47 Okla. 720, 150 Pac. 693.

It appears further from the record that on or about the— day of— 1913 (latter part of 1913), the defendant C. A. McAllister paid the sum of $50 on his part of the liability, and expressed his willingness to pay any balance that might fall upon him.

All these parties having signed the paper before delivery, there was no question of pri-

mary or secondary liability, as all or any one or more stood primarily liable to the bank. As among the parties known to be sureties there is no question of primary or secondary liability. When one or more of the sureties have been compelled to protect the paper, then a question of contribution among such sureties is presented. After Border and Rutter had made good on their liability to the bank and the principal on the note could not be reached, and other sureties were either gone or insolvent, the limit of their rights as against C. A. McAllister was to have him pay the equal one-third part of the debt and interest.

We recommend that the judgment of the trial court be reversed and remanded, with directions to calculate the interest upon the principal debt at the time when McAllister contributed the $50, and assess one-third of the amount of such principal and interest against C. A. McAllister, credit him with the payment of $50, and enter judgment against him in favor of plaintiffs for the remainder of the one-third with accrued interest according to the tenor of the note.

By the Court: It is so ordered.