### JONES v. NELSON et al.

No. 20670. Opinion Filed April 12, 1932.

J. W. Brooks, Norman & Northcutt, and Stevens & Cline, for plaintiff in error.

H. J. Mackey, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Cotton county by plaintiff in error, N. Jones, against defendants in error, Theo Nelson, Ed W. Nelson, and Ed Nelson, Jr. The parties, appearing here as they appeared in the trial court, will be designated plaintiff and defendants.

The original petition was against the defendants as individuals, based upon three causes of action: First, upon a note plaintiff alleged to have paid as security for the defendants; second, upon an open account; third, for rent on a slaughter house. The defendants were individually served with summons; and at the commencement of the

action attachment affidavit was filed, and order of attachment issued and served by attaching goods and chattels claimed to belong to defendants. Motions and demurrers were filed and orders made thereon by the trial court.

Thereafter amended petition was filed by plaintiff alleging the defendants, Theo Nelson, Ed Nelson, and Ed. W. Nelson, Jr., were a copartnership, under the name of Nelson Brothers, Ed Nelson, manager, and conducting a meat market under the name of Sanitary Meat Market; and alleged in his first cause of action, with reference to the indebtedness by reason of the note, which had been sued on in the original petition in the first cause of action therein, that two of the defendants, to wit, Theo. Nelson and Ed. Nelson, on behalf, of the partnership borrowed the money sued upon for the use of the partnership to purchase tools and equipment bought for the partnership and executed note therefor to the Walters National Bank, and at the request of defendants, plaintiff signed as security on said note, and plaintiff was compelled to pay and did pay the same, and that no part thereof has been paid plaintiff.

Plaintiff alleged in his second cause of action in the amended petition upon an open account for hogs and cattle sold to the defendants and used in the store operated by the defendants, and attached thereto verified itemized statement thereof. For his third cause of action plaintiff set out a rent account due from defendants for a slaughter house. The amended petition was verified by the plaintiff. No new process was issued against the defendants as a partnership.

The defendants filed a joint motion to strike the second paragraph of the amended petition, which related to the execution of the note, and as to proceeds thereof going to purchase chattels for the partnership, for the reason that said paragraph purported to state a new and different cause of action from any set forth in the original petition. Also on the same day defendants filed a joint motion to make more definite and certain particular paragraphs of the amended petition. Thereafter orders of the court were entered with reference to said motions. Separate demurrers were filed by the defendants and overruled. Defendants filed separate verified general denials. Reply was filed by plaintiff to each of the answers.

A trial was had and cause appealed to this court, and reversed and remanded for a new trial on confession of error by defendant in error therein. Nelson v. Jones, 133 Okla. 92, 271 Pac. 240.

Upon a retrial of said cause, a jury was selected and sworn, and the main issues and the attachment proceedings were tried together, and at the conclusion of plaintiff's evidence in chief the trial court sustained the motion of defendants to discharge the attachment; and also sustained the demurrers of the defendants, and entered judgment for the defendants. Motion for new trial was overruled, and the plaintiff brings the cause here for review.

The appeal as to the order discharging the attachment has heretofore been dismissed by this court for failure to prosecute appeal within 30 days from the date on which the order appealed from was made (139 Okla. 198, 281 Pac. 792), and the questions now remaining before this court are as to the main issues in the case.

Plaintiff in error contends that the trial court erred in: (1) Overruling the motion for new trial; (2) in sustaining demurrer to the evidence of plaintiff on his first cause of action; (3) sustaining demurrer to the evidence of plaintiff on his second cause of action; (4) sustaining demurrer to the evidence of plaintiff on his third cause of action.

The demurrer of the defendants was first a general demurrer to the insufficiency of the evidence; 2nd, departure from the original pleadings, in that defendants were sued as individuals and by the amended petition defendants being forced to go to trial as a copartnership without the issuance of process; 3rd, variance in the pleadings and exhibit; 4th, jurisdiction of the court as to the indebtedness sued on with reference to the payment of the note, for the reason the indebtedness had not accrued at the time of the filing of the action.

We are of the opinion that the defendants by filing a joint motion to strike paragraph 2 of the amended petition, and thereupon filing a joint motion to make the amended petition more definite and certain, without first pleading specially to the jurisdiction of the court only, submitted themselves to the jurisdiction of the court, and thereby waived the issuance of process as against the copartnership.

The evidence discloses, as to the first cause of action, that one of the defendants, Ed Nelson, borrowed $1,500 on his note at the Walters National Bank to purchase a stock of goods and fixtures, which note was

signed by plaintiff as surety. That the money went for the purchase of the stock and fixtures; and that the defendant Ed Nelson and his two sons, who were minors at that time, operated the business from then on under the name of Sanitary Meat Market, T. C. Nelson & Brothers, by Ed Nelson, manager. That thereafter the sum of $600 was paid on the note, and that a renewal note was made to the bank for the balance due of $900, by two of the defendants, T. C. Nelson and Ed Nelson, and signed by plaintiff, N. Jones, as surety. Thereafter on the 25th day of February, 1927, this action was filed, process issued and served on the same day on each of the defendants. Attachment order issued and served on the same day.

The burden was on the plaintiff to prove, aside from the partnership, and that same was a partnership obligation, or an obligation assumed by the partnership, that he had paid the indebtedness sued upon in the first cause of action prior to the institution of the suit, and that said cause of action had accrued prior to the filing of this action.

The plaintiff testified in one place that he paid the indebtedness sued upon on the 25th day of February, 1927, being the day the suit was filed, by giving his personal note; and in another place in his testimony he testified that it was paid by giving his personal note therefor two or three days after the attachment was issued, which would be two or three days after the suit was filed. Also the banker, a witness for the plaintiff, testified that the indebtedness was taken up by plaintiff on March 2, 1927, which was after the suit was filed. The plaintiff did not prove that the indebtedness was taken up prior to the institution of the suit. We are of the opinion that the suit with reference to the first cause of action was prematurely brought, and that the court did not err in sustaining the demurrer of the defendants thereto for that reason without taking into consideration the other grounds with reference thereto.

As to the second and third causes of action, the verified general denial placed the burden on the plaintiff to prove the existence of a partnership between the defendants, and the account, if any, owing by defendants, as a partnership, for cattle and hogs sold to defendants, and for rent of a slaughter house used by defendants.

As to the existence of a partnership between the defendants, there is evidence in the record showing that the defendant Ed Nelson and his sons went into the business after the purchase thereof by Ed Nelson, all lived out of the store, did not draw salaries, the boys living at home at the time, and all defendants assisted in the operation of the business. The sign was changed to "Sanitary Meat Market, Ed Nelson, Manager." Two checks introduced in evidence were signed "The Sanitary Market by Theo Nelson & Bros. En." to plaintiff, N. Jones; one check signed "Sanitary Market, G. W." also accounts with Armour & Co. and Swift & Co., were made out for goods sold to "Sanitary Market."

The record discloses evidence with reference to the balance due on the open account, and also with reference to the rent on the slaughter house used by the defendants.

The question of partnership, when it began, when it ceased, if it did cease, whether or not it was in existence at the time of incurring the liability sued upon in the second and third causes of action of plaintiff, whether there was an indebtedness due on the second and third causes of action, whether the indebtedness, if any, was incurred by the partnership, whether or not the partnership is liable for the payment of same, if any, are all questions of fact for the jury to find and determine in the light of all the facts and circumstances in evidence before them touching such matters and things.

In the case of Moning Dry Goods Co. v. Wiseman et al., 60 Okla. 95, 159 P. 259, in the 5th paragraph of the syllabus, this court said:

"When the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the jury; and the court should not nonsuit or direct the jury to find a verdict for the plaintiff or defendant."

In the case of Commercial Casualty Ins. Co. of Newark, N. J., v. Adkisson, Adm'r, 152 Okla. 216, 4 P. (2nd.) 50, in the 3rd paragraph of the syllabus, this court said:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence but must treat as withdrawn the evidence which is most favorable to the demurrant."

We are of the opinion that the court erred in sustaining the demurrer to the second and third causes of action.

Judgment of the trial court is affirmed as to the first cause of action, and reversed

and remanded as to the second and third causes of action.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.