## MARTIN v. COOGAN et al.

No. 25185. March 24, 1936.

Tracy & Hendrix, for plaintiff in error.

Clearman & Ellis, for defendant in error Fred L. Coogan.

PER CURIAM. This action was instituted by J. P. Thurmond against J. S. Williams, E. L. Martin, O. N. Windle, Fred L. Coogan, and Louise Randle, executrix of the estate of Luther H. Randle, deceased, on a note alleged to have been executed by the said J. S. Williams, E. L. Martin, O. N. Windle, Fred L. Coogan, and Luther H. Randle on March 12, 1931, payable to the plaintiff, Thurmond, on January 1, 1932, with 10 per cent. interest from date and providing for an attorney's fee of 10 per cent. of the amount due on said note in case of suit; said note was for the sum of $518.50, upon which there was credited the sum of $144.75 paid by E. L. Martin and the sum of $144.75 paid by O. N. Windle. The defendant E. L. Martin admitted the allegations of plaintiff's petition and p'eaded by cross-petition that since the filing of said action he had paid off the demands of the plaintiff in said action and prayed judgment over against J. S. Williams, who was alleged to have been the party for whose benefit the note was given. E. L. Martin further alleged that he the said E. L. Martin, O. N. Windle, Luther H. Randle, and Fred L. Coogan were sureties on said note for the said J. S. Williams and upon his paying off the balance due on said note he became subrogated to the rights of the plaintiff in said action, and asked judgment against J. S. Williams for the whole sum paid by him and contribution from O. N. Windle, Louise Randle, executrix of the estate of Luther H. Randle, deceased, and Fred L. Coogan. The cross-petitioner. E. L. Martin, appears to have abandoned any claim which he may have had against J. S. Williams, O. N. Windle, and Louise Randle, executrix of the estate of Luther H. Randle, deceased, which leaves for our consideration the question as to whether or not the trial court committed error in sustaining the following mentioned demurrers of Fred L. Coogan to the evidence introduced by E. L. Martin, cross-petitioner herein. Fred L. Coogan filed an answer to the cross-petition of E. L. Martin and admitted signing the note sued on, but alleged that he signed it as indorser and guarantor and not as maker.

He also alleged in the alternative that some time in 1932, on demand of plaintiff, J. P. Thurmond, he executed a new note to plaintiff in the sum of approximately $144, by which he paid in full his obligation on the note sued on.

The cause was presented to the court without a jury upon the issues made by the cross-petition of E. L. Martin and the answer of Fred L. Coogan, and after taking the cross-petitioner's evidence, Fred L. Coogan demurred thereto.

The court overruled the first, second, and third grounds of the demurrer filed by Fred L. Coogan and sustained said demurrer as to Fred L. Coogan on the fourth ground, said fourth ground of said demurrer being sustained for the reason that if the said Fred L. Coogan were obligated in any manner, he settled his obligation by signing a new note to J. P. Thurmond, settling his obligation on the original note, to which said ruling of the court in sustaining said demurrer the cross-petitioner, E. L. Martin, excepted.

The court also sustained Fred L. Coogan's demurrer to the evidence introduced by the cross-petitioner, E. L. Martin, for the reason that the evidence discloses that J. S. Williams was the principal maker of the note sued upon and all other signers were either sureties or indorsers, and that one of the sureties, E. L. Martin, cross-petitioner, having paid and satisfied said note in full, the cause of action upon the note against the other comakers, sureties, and indorsers would expire.

The court then rendered judgment that E. L. Martin, cross-petitioner, take nothing against Fred L. Coogan and that said E. L. Martin pay the costs of said suit.

It appears that E. L. Martin, plaintiff in error, has abandoned all the grounds set forth in his motion for new trial, petition in error, and specifications of error, excepting the following:

First. Was Fred L. Coogan primarily liable on the note sued on as surety thereon with Luther H. Randle, E. L. Martin, and O. N. Wendle?

Second. Did the execution of a note to J. P. Thurmond by Fred L. Coogan and delivering it to Guy Ford for an amount equal to one-fourth of the note sued on, with interest, discharge him from his liability of the note sued on?

Third. Did the payment of balance due on said note sued on by E. L. Martin, one of the sureties, after suit was brought on the note, discharge the obligation so that the payer could not claim contribution from the other sureties?

The only question for determination by this court on this appeal is whether or not the trial court committed error in sustaining the defendant Fred L. Coogan's demurrer to the evidence of the defendant and cross-petitioner, E. L. Martin, on the following grounds:

(1) That the evidence discloses that J. S. Williams was the principal maker of the note sued upon, and all other signers were either sureties or indorsers, and that one of the sureties, E. L. Martin, cross-petitioner, having paid and satisfied said note in full, the cause of action upon the note against the other comakers, sureties, and indorsers would expire.

(2) That if the said Fred L. Coogan were obligated in any manner, he settled his obligation by signing the new note to J. P. Thurmond, settling his obligation on the original note.

In order for the trial court to have properly sustained the demurrer of the defendant Fred L. Coogan to the evidence of the defendant and cross-petitioner, E. L. Martin, it was necessary for said court to conclude from the evidence that the defendant Fred L. Coogan did not sign the original note as a surety, or that, in the event he did sign the same as a surety and thereby became jointly and severally liable for the payment of said original note, he executed the new note to J. P. Thurmond, and that it was the intention of both Fred L. Coogan and J. P. Thurmond that the execution and delivery of the new note should constitute payment of his proportionate part of said original note.

In passing upon a demurrer to plaintiff's or cross-petitioner's evidence, this court has laid down, among other rules, the following rules applicable thereto:

(1) Where the evidence fairly tends to support any cause of action, the demurrer thereto should be overruled. T. H. Rogers Lumber Co. v. M. W. Judd Lumber Co., 52 Okla. 387, 153 P. 150.

(2) The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the party demurring to the evidence. Commercial Casualty Ins. Co. of Newark, N. J., v. Adkisson, 152 Okla. 216, 4 P. (2d) 50; Jefferson Standard Life Ins. Co. v. Poulter, 154 Okla. 86, 6 P. (2d) 665; Shannon Furniture Co. v. Federal Surety Co., 159 Okla. 205, 15 P. (2d) 22.

(3) It is only where the evidence and all the inferences therefrom are insufficient to support a verdict for the plaintiff that a demurrer thereto can properly be sustained. Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 P. 538.

(4) On a demurrer to the evidence all the facts which the evidence in the slightest degree tends to prove and all reasonable and logical inferences and conclusions therefrom are admitted. Smith v. Rockett, 79 Okla. 244, 192 P. 691.

(5) On demurrer to evidence that of party against whom demurrer is brought should be given full credence and considered in the most favorable light. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785.

(6) If evidence demurred to is conflicting on any particular point, the court, in making its conclusion, will withdraw from consideration that evidence on such point which is unfavorable to plaintiff. Beidleman v. Barry, 104 Okla. 288, 231 P. 276.

(7) In action at law on defendant's demurrer to evidence at close of plaintiff's evidence, if evidence is conflicting upon any particular point, the court will not consider evidence unfavorable to plaintiff. Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419.

(8) Demurrer to the evidence admits every fact which it in the slightest degree tends to prove, together with all inferences and conclusions that may be reasonably and logically drawn therefrom. Jefferson Standard Life Insurance Co. v. Poulter, 154 Okla. 86, 6 P. (2d) 665.

(9) Trial court on demurrer to evidence cannot weigh evidence most favorable to demurrant. Jones v. Nelson, 156 Okla. 236, 10 P. (2d) 408.

The evidence of E. L. Martin, cross-petitioner, fully discloses that E. L. Martin, O. N. Windle, Fred L. Coogan and Luther H. Randle each signed the note in question as sureties for J. S. Williams, the principal therein. This evidence shows, however, that Fred L. Coogan signed on the back of the note, and it was contended by him that he thereby became an indorser and secondarily liable for the payment of the note, and, in the event said note was paid by J. S. Williams, E. L. Martin, Luther H. Randle, and O. N. Windle, or either of them, he was not liable thereon but, as stated above, all the evidence sustains the position that he signed said note as surety. The fact that he signed the same on the back of the note does not change his position as a surety, and the facts and circumstances under which he signed said note clearly show that he signed the same as a surety and thereby became jointly and severally liable to pay said note. The place of the signature does not determine the character of the signer, but the purpose of signing controls the liability.

"Where a signature is misplaced, it is for the jury to decide whether the signer intended to become surety. A witness who inadvertently places his signature under that of the obligor is not liable as surety; on the other hand, if the instrument indicates that the signer is a surety, he cannot escape liability because he signed in the place for witnesses. A person may become surety and jointly liable with the principal, by signing on the back of the instrument." 23 Cyc. 43.

With reference to the question as to whether or not the payment of said note by E. L. Martin, one of the sureties thereon, after the institution of this suit, discharged the obligation so that the said E. L. Martin, cross-petitioner, could not claim contribution from the other sureties, the law is well settled that, where one of the sureties on a promissory note is required to pay more than his proportionate part thereof, the other sureties on said note must contribute their proportionate part of the amount paid by said surety. Fred L. Coogan, having signed said note as a surety, was obligated to reimburse the cross-petitioner, E. L. Martin, for his proportionate part of the amount paid to J. P. Thurmond in payment of said note, provided, of course, he had not already made payment thereof to said J. P. Thurmond.

Section 9635, Okla. Stats. 1931, provides:

"A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the extent of reimbursing what he has expended; and also to require all his cosureties to contribute thereto, without regard to the order of time in which they became such."

"The cosureties upon a promissory note, who have paid the amount due the payee, have a right to proceed against other cosureties for pro rata contribution." McAllister v. Border, 97 Okla. 1, 222 P. 537. See, also, Wills v. Fuller, 47 Okla. 720, 150 P. 693; Pendergraft v. Phillips, 57 Okla. 105, 156 P. 1189; McClure v. Johnson, 10 Okla. 663, 65 P. 103.

In order for the court to have properly and legally sustained the demurrer of Fred L. Coogan to the evidence of defendant and cross-petitioner, E. L. Martin, it was necessary that said evidence show conclusively,

when considered in the light of the decision of this court in passing upon demurrers to evidence, that said payment was made by Fred L. Coogan and accepted by J. P. Thurmond with the intention of both parties that said payment should have that effect.

In case of Johnson v. Walters, 59 Okla. 232, 158 P. 914, the court says:

"The defendant urges that the acceptance of this $650 note was payment. The answer to this is that the acceptance of this note by the plaintiff would not constitute payment unless there was an express agreement between the parties to treat it as such. Nor would the acceptance of other notes in lieu of the $650 note constitute payment unless there was an express agreement to that effect."

In the case of Wade v. Hall. 64 Okla. 173, 166 P. 720, the court says:

"While we agree that ordinarily the intentional cancellation of a note by the holder operates as a discharge of the instrument, yet this is not true where the note executed by a third person in satisfaction of the first note is not unconditionally accepted by the payee of the first note. The acceptance of a second note will not have that effect unless it appears that such was the agreement or intention of the parties, even though the first note may be surrendered."

The record in this case shows that the original note sued upon, which was introduced in evidence, does not show any credit of payment alleged to have been made by Fred L. Coogan, and the record also discloses that the plaintiff, J. P. Thurmond, instituted this suit on the original note for the full amount thereof less the payments which had been made by the defendants E. L. Martin and O. N. Windle, without deducting therefrom the amount which Fred L. Coogan claimed was paid by the execution of the smaller note.

It should also be borne in mind that the question as to whether or not the giving of the new note constituted payment of Fred L. Coogan's proportionate part of the note sued on was a defense pleaded by him, and it was not incumbent on the cross-petitioner, E. L. Martin, to disprove same in his evidence, but the burden of proof thereof was on the defendant Fred L. Coogan. Of course, if the plaintiff's evidence had shown definitely and without conflict that it was the intention of the parties that the giving of said new note should constitute payment of Fred L. Coogan's liability on the note sued on, the court would have been justified in sustaining the defendant Fred L. Coogan's demurrer to plaintiff's evidence on that ground, but we do not believe that the evidence so shows.

From the evidence before the trial court at the time said demurrers were passed upon, it is shown that Fred L. Coogan signed said note sued on as a surety and he thereby became jointly and severally liable for the payment thereof; that the payment of said note by E. L. Martin, cross-petitioner, after the institution of this suit, did not discharge the obligation so that he could not claim contribution from the other sureties, and there being a conflict in the evidence as to whether or not the giving of the new note by Fred L. Coogan constituted payment of his proportionate part of the note sued on, it is quite evident that the trial court failed to apply the rules laid down by this court relative to the passing upon a demurrer to the evidence, and therefore committed reversible error in sustaining said demurrer, and for that reason the judgment entered herein by the trial court is reversed and this cause remanded, with directions to set aside said judgment and overrule said defendant's demurrer and proceed with the trial of this cause.

The Supreme Court acknowledges the aid of Attorneys A. G. Cochran, Redmond S. Cole, and C. A. Coakley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cochran and approved by Mr. Cole and Mr. Coakley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.