## FORRY v. MICKLE (two cases).

Nos. 27011, 27012.   May 18, 1937.

Harry Campbell, Valjean Biddison, and Harry Campbell, Jr., for plaintiff in error.

S. S. Lawrence, for defendants in error.

PER CURIAM. The district court of Tulsa county affirmed an order and judgment of the county court of said county surcharging the accounts of L. M. Forry, as guardian of the estates of Luella James Mickle and Labon Jack Mickle. L. M. Forry has prosecuted separate appeals to this court which have been docketed under Nos. 27011 and 27012. The evidence, proceedings, and records in both cases and the questions presented being identical, with the exception of the names and amounts (and the effect of a release involved in case No. 27011), the two cases have been consolidated by order of this court. On January 17, 1922, the plaintiff in error applied to the county court of Tulsa county for appointment of himself as guardian of the defendants in error. In his petition for appointment as guardian the plaintiff in error stated that the defendants in error had estates consisting of a $1,000 insurance policy on the life of their mother and the sum of $2,000 which she had let the plaintiff in error have the use of during her lifetime. Upon this petition, which was verified, plaintiff in error was appointed guardian of the defendants in error and duly qualified as such and collected the insurance money mentioned in said petition. The inventory required by section 1478, O. S. 1931, was apparently never made and filed, and this is likewise true of the reports and accounts required by section 1479, O. S. 1931. In fact, nothing appears to have been done in connection with the guardianship until April 12, 1935, when the plaintiff in error made and filed his final reports as such guardian. In each of these reports the plaintiff in error charged himself with only one-half of the proceeds of the $1,000 insurance policy. In the account with Labon Jack Mickle the plaintiff in error credited himself with items aggregating the sum of $872, and in his account with Luella James Mickle with items aggregating the sum of $1,337, thus showing one of the wards in-

debted to him in the sum of $372 and the other in the sum of $837. The defendants in error filed exceptions to these reports and accounts which were general in their nature, but at the trial only excepted in so far as the items of receipt shown therein were concerned; all credits claimed being admitted and allowed. It was the contention of the defendants in error that the plaintiff in error should account for the $2,000 which in his petition for appointment he had admitted receiving from their mother, and also for the proceeds of a check in the sum of $500, which they claimed that he had received for them during the lifetime of their mother. The plaintiff in error contended that he had never received either of the above amounts, and the statement in his petition for appointment as guardian reciting that he had received the $2,000 and owed the same to the defendants in error had been inadvertently and erroneously included in said petition, and that the same was not true in fact. In so far as the defendant Luella James Mickle is concerned, the plaintiff in error claimed that after she had attained her majority she had executed a release to him in full of all liability as her guardian, and that thereunder the court had no further jurisdiction other than to settle his account as to her and enter his discharge as such guardian. This feature of the case will be further discussed later on in this opinion. The county court found that the plaintiff in error should be required to account for the $2,000 and also for two-thirds of the $500 as claimed by the defendants in error, and surcharged the accounts of the plaintiff in error accordingly. The cause was thereupon appealed to the district court and tried de novo and resulted in an affirmance of the order and judgment of the county court. The contention of the plaintiff in error that the statement in his petition for appointment as guardian had been made inadvertently and that the same was untrue in fact is unsupported except by the testimony of the plaintiff in error, although certain bank records were introduced in evidence in an effort to corroborate this contention. The value of these records, however, was greatly weakened by reason of the period of time which they covered, and the further fact that they were shown to constitute only a part of the transactions carried on by the plaintiff in error through the time in question, and the further fact that he had an account in another bank, the records of which could not be produced. The record so introduced also fails to show any entry of the $1,000 which the plaintiff in error had received under the insurance policy. On the other hand, the contention of the defendants in error that the statement made in the petition for appointment of guardian was true at the time it was made, and was intended to acknowledge an existing indebtedness on the part of the plaintiff in error, is supported and corroborated to some extent by the testimony of the then county judge and that of the grandmother and aunt of the defendants in error. While the evidence clearly shows that the $500 item in controversy was deposited in the joint account of plaintiff in error and that of the mother of the defendants in error, it fails to show that the plaintiff in error ever received any part thereof. The evidence shows that during the lifetime of the mother, she drew numerous checks against said account in her individual capacity. In connection with the release of Luella James Mickle, the evidence shows that she attained her majority on October 21, 1929, and that on July 24, 1931, the plaintiff in error wrote her stating that he had filed his final report as her guardian with the county court of Tulsa county on the day previous to his letter and that he was inclosing a copy of such report therewith, and stating that the balance due her was $69, for which amount he inclosed check, together with a release which he requested that she execute and return to him. The evidence further shows that Luella James Mickle wrote her name at the top of the instrument, had it attested by the county clerk under date of August 10, 1931, and returned it to the plaintiff in error. The record does not show that any final report, however, was filed prior to April 12, 1935.

The plaintiff in error assigns eight specifications of error. The first four of these are presented and discussed together and involve the sufficiency of the evidence to support the judgment. The next two, urging error in the admission and exclusion of evidence, appear to have been waived, and the next assignment, to the effect that the judgment was based upon matter foreign to those properly under consideration, likewise appears to have been abandoned. The last assignment involves the effect of the release made by Luella James Mickle and is applicable only to cause No. 27011. The parties in their briefs indulge in much discussion relative to the nature of the statement contained in the application made by the plaintiff in error in connection with his appointment as guardian of the de-

fendants in error. The plaintiff cites numerous authorities which support the rule that a mistake in an inventory or appraisement may on proper showing be corrected, and contends that the statement contained in his petition was of this nature. The defendants in error, on the other hand, cite numerous cases which support the maxim "allegans contraria non est audiendus." Neither line of authorities is strictly applicable to the situations presented here. The petition for appointment of guardian was not, strictly speaking, a pleading, neither was it an inventory. However, we think that it constituted competent evidence as an admission against interest and as such subject to denial or explanation. Leavitt v. Deichmann, 30 Okla. 423, 120 P. 983; Chicago, R. I. & P. Ry. Co. v. Mashore, 21 Okla. 275, 96 P. 630, 17 Ann. Cas. 277; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133. See, also, Flower v. O'Connor, 8 Mart. (La.) 555; Re Reis, 187 App. Div. 82, 175 N. Y. S. 58; In re Sargent, 42 App. Div. 301.

In our opinion there is ample evidence in the record to sustain the findings of the lower court that the plaintiff in error at the time of his appointment was indebted to the defendants in error in the sum of $2,000, and that his statements to that effect were true, 'and therefore he should properly have accounted for the same. This is not true, however, with reference to the $500 item. The most that can be said in connection therewith is that the proceeds of this check went into the joint account of the plaintiff in error and his then wife, and that she drew numerous checks on this account subsequent thereto which far exceeded the amount so deposited. There was no competent evidence to show that the plaintiff in error had ever received any portion of this money, and he should not have been charged therewith. This leaves for consideration the effect of the release executed by Luella James Mickle and which is involved in cause No. 27011, it being the contention of the plaintiff in error that by reason of such release the county court originally, and the district court on appeal, had no jurisdiction to inquire into the account between the plaintiff in error and the said defendant in error. By virtue of the provisions of section 1513, O. S. 1931, a ward upon attaining majority may settle accounts with the guardian and give a release. As previously stated, the defendant in error Luella James Mickle attained her majority October 21, 1929, and executed the release in

question on August 10, 1931. She admits that she executed the same by signing the instrument at the top rather than in the conventional space 'at the bottom, but this fact does not alter her liability. As said in the case of Martin v. Coogan, 176 Okla. 391, 55 P. '(2d) 1037:

"The place of the signature does not determine the character of the signer, but the purpose of signing controls the liability."

See, also, Stipsky v. Drotar (Ark.) 56 S. W. (2d) 589. By this instrument the defendant in error Luella James Mickle acknowledged the receipt in full of all her demands against the plaintiff in error 'as her guardian. And while, as it has been aptly said in the case of Willis v. Rice, 157 Ala. 252, 48 So. 397, 131 Am. St. Rep. 55:

"Taking from the wards the receipt in full, and obtaining from them directions in writing to the judge of probate to discharge the guardian as on final settlement, were acts 'into which it was the sacred duty of the guardian not to invite the ward, without a just accounting and full settlement, or the disclosure of every fact necessary to inform the ward of all with which she was parting, and then committing it to her uninfluenced will,' whether she would give the receipt and direction or not"

—nevertheless, in instances where a contrary situation exists, relief therefor can only be had in a court possessing general equity powers. The county courts of this state have no such power (Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173); and the district court on appeal from a judgment of said court has no other and different jurisdiction '(Perry v. Smith, 132 Okla. 181, 269 P. 1074). Consequently, the county court had no jurisdiction to inquire into the validity of the release involved in cause No. 27011 or to undertake any further settlement of 'accounts between the parties, but should have relegated the defendant in error Luella James Mickle to her remedy in a court of equity. Buttrick v. Richardson (Ore.) 64 P. 390.

From what has been said, it is therefore apparent that the judgment in cause No. 27011 must be reversed 'and remanded for further proceedings not inconsistent with the views herein expressed; and judgment in cause No. 27012 should be modified by striking from the account all portions of the $500 item, and as thus modified affirmed.

Judgment in cause No. 27011 reversed

116

and remanded, and judgment in cause No. 27012 modified and affirmed.

OSBORN, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, 'and GIBSON, JJ., concur. HURST, J., disqualified. BAYLESS, V. C. J., absent.